1  Simon Manoucherian (Bar No. 198760)
   Frederic Esrailian (Bar No. 232799)
2  MESERVE, MUMPER & HUGHES LLP
   300 South Grand Avenue, 24th Floor
3  Los Angeles, California 90071-3185
   Telephone: (213) 620-0300
4  Facsimile: (213) 625-1930

FILED

JUN 2 8 2007

5  Attorneys for Defendant
   HM LIFE INSURANCE COMPANY, successor-
6  in-interest to GROUPAMERICA INSURANCE
   COMPANY

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

7

8

9              UNITED STATES DISTRICT COURT

10             NORTHERN DISTRICT OF CALIFORNIA

*EDL*

11

12  IRENE DEMEE,                          ) Case No.  C 07 3387

13             Plaintiff,                 ) NOTICE OF REMOVAL OF ACTION
                                          ) TO THE UNITED STATES DISTRICT
14      v.                                ) COURT

15  GROUPAMERICA INSURANCE                ) [San Francisco Superior Court Case No.
    COMPANY, COMPUWARE                    ) CGC-070462335]
16  CORPORATION EMPLOYEE                  )
    BENEFITS PLAN and DOES 1-50,          )
17  inclusive ,                           )
                                          ) Complaint Filed:  April 12, 2007
18             Defendants.                )
                                          )
19

20       TO THE DISTRICT COURT OF THE UNITED STATES, NORTHERN

21  DISTRICT OF CALIFORNIA, AND TO PLAINTIFF AND HER ATTORNEYS

22  OF RECORD:

23       PLEASE TAKE NOTICE that on June 28, 2007, defendant HM LIFE

24  INSURANCE COMPANY, successor-in-interest to GroupAmerica Insurance

25  Company (hereinafter "HM Life"), contemporaneously with the filing of this

26  Notice, is effecting the removal of the above referenced civil action, Case No. CGC-

27  07-462335, from the Superior Court of the State of California for the County of San

28  Francisco, to the United States District Court for the Northern District of California,

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

86030.1                                    1

NOTICE OF REMOVAL OF ACTION TO
THE UNITED STATES DISTRICT COURT

1  based upon: (1) federal question jurisdiction pursuant to 28 U.S.C. Sections 1331,
2  1441(b), and 1446. The suit is one of a civil nature over which the United States
3  District Court has original jurisdiction.

4  The removal is based on the following grounds:

5

6  **I.   TIMELINESS.**

7  1.   On or about April 30, 2007, Plaintiff IREME DEMEE (hereinafter
8  "Plaintiff") commenced this action by filing a Complaint in the Superior Court of
9  the State of California for the County of San Francisco, entitled Irene Demee v.
10  GroupAmerica Insurance Company, et al., designated Case No. CGC-07-462355.

11  2.   HM Life was served with the Summons and Complaint on May 29,
12  2007. True and correct copies of the Summons and Complaint are attached hereto
13  and incorporated herein as Exhibit "A". No prior pleading or papers have been
14  served upon USIC.

15  3.   The Removal is timely under 28 U.S.C. Section 1446(b) in that HM Life
16  has filed this Notice of Removal of Action within thirty (30) days of having first
17  received the Summons and Complaint and within one (1) year of the
18  commencement of this action.

19

20  **II.   JOINDER.**

21  4.   Plaintiff's Complaint names COMPUWARE CORPORATION
22  EMPLOYEE BENEFITS PLAN (hereinafter the "Plan"). The Plan has not yet been
23  served with the Summons and Complaint. Accordingly, its joinder is not required.

24  5.   All defendants other than HM Life and the Plan are fictitiously named
25  and need not be considered for purposes of removal. 28 U.S.C. § 1441(a). As such,
26  all defendants that are required to join in this Notice of Removal have joined.

27  ////

28

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

86030.1

2

NOTICE OF REMOVAL OF ACTION TO
THE UNITED STATES DISTRICT COURT

1 **C.** **FEDERAL QUESTION JURISDICTION - ERISA PREEMPTION**.

2    1.    This action has been removed to this Court based upon federal question
3 jurisdiction pursuant to 28 U.S.C. Sections 1331 and 1441(b).  HM Life is informed
4 and believes, and on that basis alleges, that Plaintiff's suit is one to recover damages
5 stemming from the allegedly improper denial of a claim for life insurance benefits
6 under a benefit plan governed by the Employee Retirement Income Security Act of
7 1974 ("ERISA"), 29 U.S.C. Sections 1001, et seq., as set forth more fully below.
8 The suit is one of a civil nature over which the United States District Court has
9 original jurisdiction.

10    2.    Plaintiff alleges that the Plan was and is an employee welfare benefit
11 plan established for the benefit of Compuware Corporation's employees, including
12 the decedent, Alphonse Demee ("decedent").  (Complaint, p. 1, ¶ 1).

13    3.    Plaintiff alleges that GroupAmerica Insurance Company, now HM
14 Life, issued a life insurance policy ("Policy") as part of the Plan, insuring Alphonse
15 Demee as a Compuware Corporation employee, entitling his designated beneficiary
16 to life benefits in accordance with the terms and conditions of the Policy.  Alphonse
17 Demee named his mother, Plaintiff, as the beneficiary of the policy.  (Complaint, p.
18 1, ¶ 2).

19    4.    The benefit Plan was issued by HM Life to the decedent's employer,
20 for the benefit of its employees.

21    5.    Therefore, there is no dispute that Plaintiff seeks recovery of, among
22 other things, certain life insurance benefits allegedly due under the terms and
23 conditions of said Policy and Plan, which was provided to the decedent by his
24 employer, Compuware Corporation, during the time that he was employed by said
25 employer.  Accordingly, the benefits were provided under a group benefit plan
26 subject to and governed by ERISA.

27    6.    Title 29 U.S.C. Section 1003(a) provides that ERISA shall apply to any
28 welfare plan which is not excluded under 29 U.S.C. Section 1003(b), if it is

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

86030.1                                          3

NOTICE OF REMOVAL OF ACTION TO
THE UNITED STATES DISTRICT COURT

1   established or maintained by any employer engaged in commerce or in any industry
2   or activity affecting commerce. The Plan was a "welfare plan" established or
3   maintained by an employer engaged in commerce or in any industry or activity
4   affecting commerce, i.e. Compuware Corporation. HM Life is informed and
5   believes, and on that basis alleges, that the Plan at issue is not excluded from ERISA
6   coverage under the provisions of 29 U.S.C. Section 1003(b).

7       7.    Title 29 U.S.C. Section 1002(1) defines "employee welfare benefit
8   plan" and "welfare plan" to be:

9           [A]ny plan, fund, or program which was heretofore or is
10          hereafter established or maintained by an employer . . . for
11          the purposes of providing for its participants or their
12          beneficiaries, through the purchase of insurance or
13          otherwise (A) medical, surgical or hospital care for
14          benefits, or benefits in the event of sickness, accident,
15          disability, **death** or unemployment . . . .

16  29 U.S.C. Section 1002(1) (Emphasis added).

17      8.    The term "employer" means:

18          [A]ny person acting directly as an employer, or indirectly
19          in the interest of an employer, in relation an employee
20          benefit plan; and includes a group or association of acting
21          for an employer in such capacity.

22  29 U.S.C. Section 1002(5).

23      9.    The term "participant" means:

24          [A]ny employee or former employee of an employer . . .
25          who is or may become eligible to receive a benefit of any
26          type from an employee benefit plan which covers
27          employees of such employer.

28  29 U.S.C. Section 1002(7).

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

86030.1                              4                    NOTICE OF REMOVAL OF ACTION TO
                                                          THE UNITED STATES DISTRICT COURT

1    10.    Based on the foregoing, HM Life alleges that Plaintiff's state law

2  claims are preempted by ERISA, as the benefits which Plaintiff seeks in this action

3  were provided to a "participant" by an "employer" under a "benefit plan" within the

4  meaning of ERISA. Pilot Life Insurance Company v. Dedeaux, (1987) 481 U.S. 41,

5  107 S. Ct. 1549, 95 L. Ed. 2d 39; see also, Russell v. Massachusetts Mutual life

6  Insurance Company, (9th Cir. 1983) 722 F.2d 482  (rev'd on other grounds (1985)

7  473 U.S. 134, 105 S. Ct. 3085, 87 L. Ed. 2d 96); see also Waks v. Empire Blue

8  Cross/Blue Shield, (9th Cir. 2001) 263 F.3d 872 (holding, among other things, that

9  state law claims avoid preemption only if they arise under a converted policy).

10    11.    Although a complaint which raises only state law claims may not

11  ordinarily be removable to the District Court based upon a federal preemption

12  defense to the state law claims, federal preemption under ERISA falls within an

13  exception to the "well pleaded complaint" rule because Congress has so "completely

14  preempted" the area of law relating to employee benefit plans.  As a result, any

15  claims alleging the failure to properly administer, or the mishandling of a benefit

16  claim under an ERISA plan "[a]re not only preempted by ERISA but also displaced

17  by ERISA's civil enforcement provisions . . . to the extent that complaints filed in

18  state courts purporting to plead such state common law causes of action are

19  removable to federal court under 28 U.S.C. Section 1441(b)."  Metropolitan Life

20  Insurance Company v. Taylor, (1987) 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55.

21    12.    As Plaintiff's suit is one to recover life insurance benefits stemming

22  from the improper processing and denial of benefits under a Plan and Policy

23  governed by ERISA, this is a civil action over which this Court has concurrent

24  jurisdiction pursuant to 29 U.S.C. Section 1332(e)(1).  Accordingly, by virtue of the

25  provisions of 28 U.S.C. Section 1441(b), this action may be removed to this Court.

26  ////

27  ////

28  ////

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

86030.1                                         5

1  **V.    PROCESS.**

2      6.    On June 27, 2007, HM Life filed an Answer to Plaintiff's Complaint in
3  the Superior Court of the State of California, for the County of San Francisco.  A
4  true and correct copy of the Answer is attached hereto and incorporated herein as
5  Exhibit "B."

6      7.    True and correct copies of all process, pleadings, and orders, other than
7  the Complaint and Summons, are attached hereto as Exhibit "C".   HM Life has
8  received no other process, pleadings or orders.

9      8.    On June 28, 2007, a copy of this Notice was filed with the Clerk of the
10 Superior Court of the State of California for the County of San Francisco.

11

12      WHEREFORE, HM Life prays that the above action pending in the Superior
13 Court for the County of San Francisco be removed from that court to this Court.

14

15 Dated:  June 28, 2007                    MESERVE, MUMPER & HUGHES LLP
                                           Simon Manoucherian
16                                          Frederic Esrailian

17                                          By:

18                                              Frederic Esrailian
                                               Attorneys for Defendant
19                                              HM LIFE INSURANCE COMPANY,
                                               successor-in-interest to GroupAmerica
20                                              Insurance Company

21

22

23

24

25

26

27

28

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

86030.1                          6

NOTICE OF REMOVAL OF ACTION TO
THE UNITED STATES DISTRICT COURT

**EXHIBIT A**

**SUMMONS**
*(CITACION JUDICIAL)*

SUM-100

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO)* :
GroupAmerica Insurance Company, Compuware Corporation
Employee Benefits Plan and DOES 1-50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE)* :
Irene Demee

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of San Francisco County
400 McAllister Street, Room 103
San Francisco, CA. 94102-4514

CASE NUMBER:
*(Número del Caso):* **CGC -07 -462335**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
John N. Frye                          Law Offices of John N. Frye
411 Borel Avenue, Suite 500          San Mateo, CA  94402
650-577-0889

DATE: **APR 1 2 2007**   **Gordon Park-Li**   Clerk, by   **Jun Panelo**   , Deputy
*(Fecha)*              *(Secretario)*                                        *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)* :

3. ☐ on behalf of *(specify)* :
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)* :
4. ☐ by personal delivery on *(date)* :

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]
*Martin Dean's Essential Forms* ™

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

Demee, Irene

**EXHIBIT A , PAGE 7**

1 | John N. Frye (SBN: 45191)
Law Offices of John Frye
2 | 411 Borel Avenue, Suite 500
San Mateo, CA 94402
3 | Telephone: (650) 577-0889
Facsimile: (650) 345-9875

4

Attorneys for Plaintiff
5 | Irene Demee

CASE MANAGEMENT CONFERENCE SET

SEP 1 4 2007 -9:00 AM

DEPARTMENT 212

ENDORSED.
F I L E D
San Francisco County Superior Court

APR 1 2 2007

GORDON PARK-LI, Clerk
BY: _____ JUN P. PANELO
Deputy Clerk

6

7

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    IN AND FOR THE COUNTY OF SAN FRANCISCO

10

11 | **IRENE DEMEE,**                              Case No.  **CGC-07-462335**

12 |                    Plaintiff,                 **COMPLAINT FOR MONEY DAMAGES**

13 | vs.

14 | **GROUPAMERICA INSURANCE
COMPANY, COMPUWARE**
15 | **CORPORATION EMPLOYEE BENEFITS
PLAN and DOES 1-50, inclusive.**
16
|                    Defendants.
17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR MONEY DAMAGES

EXHIBIT 4, PAGE 8

1  Plaintiff Irene Demee alleges:

2      1.  Defendant GroupAmerica Insurance Company ("GroupAmerica"), is, and at all times
3  herein mentioned was, authorized by the California Insurance Commissioner to transact insurance
4  business in the State of California and in City and County of San Francisco. Defendant Compuware
5  Corporation Employee Benefits Plan is, and at all times mentioned herein was, an employee welfare
6  benefit plan established for the benefit of Compuware's employees, including Alphonse Demee.

7      2.  GroupAmerica issued a life insurance policy insuring Alphonse Demee as a Compuware
8  employee entitling him to life benefits in accordance with the terms and conditions of the policy.
9  Alphonse Demee named his mother Irene Demee as the beneficiary of the policy.

10      3.  Defendants DOES 1-50, inclusive, are sued herein under fictitious names, their true
11  names and capacities being unknown to Plaintiff. Plaintiff will amend this complaint to allege their
12  true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges
13  that each of the fictitiously named defendants are responsible in some manner for the occurrences
14  herein alleged and that Plaintiff's damages as herein alleged were proximately caused by such
15  defendants.

16      4.  Plaintiff is informed and believes and thereon alleges that at all times herein mentioned,
17  each of the DOE defendants were the agent and employee of each of the remaining DOE defendants,
18  and in doing the things hereinafter alleged, were acting within the course and scope of such agency
19  and employment.

20      5.  Alphonse Demee has fully performed all terms and conditions of the policy to be
21  performed.

22      6.  Alphonse Demee died and Defendants wrongfully informed Plaintiff that she was not
23  entitled to life insurance benefits.

24      7.  Defendants' refusal and continuing refusal to pay disability benefits to Plaintiff is
25  wrongful and not in accordance with the terms of the GroupAmerica policy.

26      8.  As a proximate result of Defendants' wrongful conduct, Plaintiff has been damaged in an
27  amount in excess of the jurisdiction of the Court, according to proof, together with interest on that

28

EXHIBIT $\underline{A}$, PAGE $\underline{9}$

1   amount at the legal rate. These damages include life insurance benefits owed to her and attorneys

2   fees.

3   WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

4       1.   For disability benefits due her;

5       2.   For other benefits according to proof;

6       3.   For attorneys fees;

7       4.   For costs of suit incurred and;

8       5.   For such other and further relief as the court may deem proper.

9

10                              LAW OFFICES OF JOHN N. FRYE

11

12

    Dated: April 11, 2007
13                              _____
                                John N. Frye, Attorney for Plaintiff
14                              Irene Demee

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    -2-
                        COMPLAINT FOR MONEY DAMAGES

EXHIBIT A, PAGE 10

**EXHIBIT  B**

1 | Simon Manoucherian (Bar No. 198760)
2 | Frederic Esrailian (Bar No. 232799)
MESERVE, MUMPER & HUGHES LLP
300 South Grand Avenue, 24th Floor
3 | Los Angeles, California 90071-3185
Telephone: (213) 620-0300
4 | Facsimile: (213) 625-1930

5 | Attorneys for Defendant
HM LIFE INSURANCE COMPANY, formerly
6 | known as GROUPAMERICA INSURANCE
COMPANY

7

8

ENDORSED
F I L E D
San Francisco County Superior Court

JUN 2 7 2007

GORDON PARK-LI, Clerk
BY: CAROLYN BALISTRERI
Deputy Clerk

9 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

10 | FOR THE COUNTY OF SAN FRANCISCO

11

12 | IRENE DEMEE,

13 |       Plaintiff,

14 |     v.

15 | GROUPAMERICA INSURANCE
COMPANY, COMPUWARE
16 | CORPORATION EMPLOYEE
BENEFITS PLAN and DOES 1-50,
17 | inclusive,

18 |     Defendants.

Case No. CGC-07-462335

DEFENDANT HM LIFE INSURANCE
COMPANY'S ANSWER TO
COMPLAINT

Complaint Filed:   April 12, 2007

19 |     Defendant HM LIFE INSURANCE COMPANY, successor-in-interest to

20 | GROUPAMERICA INSURANCE COMPANY (hereinafter "Defendant") hereby answers

21 | Plaintiff IRENE DEMEE'S ("Plaintiff") Complaint as follows:

22 | FAXED

23 | **GENERAL DENIAL**

24 |     Pursuant to Section 431.30(d) of the California Code of Civil Procedure, Defendant

25 | denies, generally and specifically, each and every allegation contained in Plaintiff's

26 | Complaint, and the whole thereof, including each and every purported cause of action

27 | contained therein, and further denies that Plaintiff has been damaged in the sum or sums

28 | alleged, or in any sum or sums, or at all.

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

46124.1

1
DEFENDANT'S ANSWER TO COMPLAINT

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1.     Defendant alleges that the Complaint, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE

2.     Defendant alleges that any and all of the actions taken by any officer, employee, and/or agent of Defendant were good faith assertions of the rights of Defendant and were therefore privileged and/or justified.

### THIRD AFFIRMATIVE DEFENSE

3.     Defendant alleges that if Plaintiff has sustained any damages as alleged in the Complaint, which Defendant denies, she failed to mitigate said damages.

### FOURTH AFFIRMATIVE DEFENSE

4.     Defendant is informed and believes, and on that basis alleges that Plaintiff and/or decedent Alphonse Demee (hereinafter "decedent") have waived or released any and all claims that either may have or has had to the relief, if any, referred to in the Complaint.

### FIFTH AFFIRMATIVE DEFENSE

5.     Defendant alleges that Plaintiff is estopped from alleging that Defendant caused or contributed to the damages, if any, referred to in the Complaint.

### SIXTH AFFIRMATIVE DEFENSE

6.     Defendant alleges that Plaintiff has no right to recover benefits and/or damages against Defendant under applicable law or the terms and conditions of the subject COMPUWARE CORPORATION EMPLOYEE BENEFITS PLAN ("Plan") and/or policy ("Policy") at issue in the Complaint.

### SEVENTH AFFIRMATIVE DEFENSE

7.     Defendant alleges that Plaintiff is not entitled to benefits under the terms and conditions of the Plan and/or Policy.

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

86124.1

2

DEFENDANT'S ANSWER TO COMPLAINT

EXHIBIT _B_, PAGE _12_

1

### EIGHTH AFFIRMATIVE DEFENSE

2      8.     Defendant alleges that Plaintiff has not supplied Defendant with sufficient

3  facts, proof or documentation that would support the payment to Plaintiff of any benefits

4  under the terms and conditions of the Plan and/or Policy.

5

### NINTH AFFIRMATIVE DEFENSE

6      9.     Defendant alleges that the Plan and Policy were issued pursuant to and

7  subject to the provisions of ERISA.

8

### TENTH AFFIRMATIVE DEFENSE

9      10.    Defendant is informed and believes, and on that basis alleges that its

10  purported obligations, if any, as alleged in the Complaint were fully performed.

11

### ELEVENTH AFFIRMATIVE DEFENSE

12      11.    Defendant is informed and believes, and on that basis alleges, that if

13  Defendant failed to perform any obligations owing to the Plaintiff and/or decedent, which

14  Defendant categorically denies, such performance was prevented or made impossible as a

15  result of the acts or omissions of Plaintiff and/or others.

16

### TWELFTH AFFIRMATIVE DEFENSE

17      12.    Defendant alleges that Plaintiff and/or decedent failed to comply with one or

18  more conditions precedent to obtaining coverage and/or continued eligibility under the

19  Plan and/or Policy.

20

### THIRTEENTH AFFIRMATIVE DEFENSE

21      13.    Defendant alleges that Plaintiff failed to state any facts that would entitle her

22  to recover any damages (including attorneys' fees and costs) against Defendant.

23

### FOURTEENTH AFFIRMATIVE DEFENSE

24      14.    Defendant alleges that the Plan is an employee welfare benefit plan subject

25  to and governed by ERISA and that Plaintiff's remedies for any alleged acts or omissions

26  of Defendant are limited solely to those afforded by ERISA.

27  ////

28  ////

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

86124.1

3

DEFENDANT'S ANSWER TO COMPLAINT

EXHIBIT _B_ , PAGE _13_

1

## FIFTEENTH AFFIRMATIVE DEFENSE

2    15.    Defendant is informed and believes and based thereon alleges that Plaintiff is

3  barred from any recovery on her Complaint and each of the purported causes of action

4  alleged therein under the doctrine of laches.

5

## SIXTEENTH AFFIRMATIVE DEFENSE

6    16.    Defendant alleges that the Complaint, and each purported claim for relief

7  contained therein, fails to state any facts that would entitle Plaintiff to recover benefits

8  under ERISA against Defendant.

9

## SEVENTEENTH AFFIRMATIVE DEFENSE

10    17.    Defendant alleges that under applicable authority, the Plan, and not any other

11  defendant, is the only properly named party-defendant to this ERISA action.

12

## EIGHTEENTH AFFIRMATIVE DEFENSE

13    18.    Defendant is informed and believes and based thereon alleges that, without

14  conceding that Plaintiff has sustained any damages as alleged in the Complaint, if any such

15  damages were sustained by Plaintiff, they were caused and contributed to by the actions

16  and/or negligence of Plaintiff, decedent and/or their agents or representatives, and that the

17  award of damages, if any, should be reduced by the proportionate percentage of the wrong

18  attributable to Plaintiff, decedent and/or their agents or representatives.

19

## NINTEENTH AFFIRMATIVE DEFENSE

20    19.    Defendant alleges that, without conceding that Plaintiff has sustained any

21  damages as alleged in the Complaint, if any such damages were sustained by Plaintiff, they

22  were caused by persons or entities other than Defendant and at all times these other

23  persons or entities were acting without the consent, authorization, knowledge or

24  ratification of Defendant with regard to any and all of the acts alleged in the Complaint,

25  and the award of damages, if any, should be reduced by the proportionate percentage of the

26  wrong attributable to those persons or entities.

27  ////

28  ////

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

86124.1

4

DEFENDANT'S ANSWER TO COMPLAINT

EXHIBIT _B_, PAGE _14_

## TWENTIETH AFFIRMATIVE DEFENSE

20.    Defendant alleges that no acts or omissions by Defendant constitute the proximate or legal cause of any of Plaintiff's alleged damages.  Therefore, Plaintiff has no valid claim against Defendant.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

21.    Defendant is informed and believes and based thereon alleges that the claims for relief alleged in Plaintiff's Complaint are barred by reason of the fact that Plaintiff and/or decedent, upon being fully informed of the acts and events of which Plaintiff now complains, ratified and affirmed all conduct with respect to those acts and events, and therefore Plaintiff and/or decedent have waived any claims and Plaintiff is estopped from asserting the same against Defendant.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

22.    Defendant is informed and believes and based thereon alleges that Plaintiff and/or decedent breached the agreement(s) upon which Plaintiff sues and failed to properly and adequately perform the required obligations thereunder, all of which prevent Plaintiff from recovering any damages pursuant to said agreement(s).

## TWENTY-THIRD AFFIRMATIVE DEFENSE

23.    Defendant alleges that each and every act and/or statement of Defendant and/or its agents, representatives, or employees with reference to the matters at issue were made pursuant to and consistent with applicable law.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

24.    Defendant is informed and believes and based thereon alleges that at the time and place of the incidents alleged in Plaintiff's Complaint, Plaintiff and/or decedent knew of the danger and risk incident to the undertaking, but despite such knowledge, freely and voluntarily assumed and exposed themselves to all risk of harm and the consequential injuries and damages, if any, therefrom.

////

////

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

86124.1

5

DEFENDANT'S ANSWER TO COMPLAINT

EXHIBIT _B_ , PAGE _15_

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

25.    Defendant is informed and believes and based thereon alleges that Plaintiff's Complaint, and each of the purported claims for relief alleged therein, are barred by the applicable statute of limitations, including but not limited to California Code of Civil Procedure Sections 335.1, 337, 338, 339, 340 and 343 and California Business and Professions Code Section 17208.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

26.    Defendant alleges that Plaintiff is barred from seeking any equitable relief due to her or decedent's own unclean hands.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27.    Defendant alleges that Plaintiff is barred from any recovery on the Complaint and each of the purported causes of action alleged therein on the grounds that Plaintiff has failed to follow the procedures outlined in the Plan and/or Policy, including failing to exhaust her administrative remedies.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

28.    Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, yet unstated affirmative defenses. Defendant reserves the right to assert additional affirmative defenses in the event discovery or further investigation indicates that asserting additional affirmative defenses would be warranted.

### PRAYER

WHEREFORE, Defendant prays for judgment in its favor and against Plaintiff as follows:

1.    An order dismissing the Complaint, with prejudice, as to all defendants and with respect to all causes of action;

2.    An order declaring that Plaintiff should take nothing by her Complaint;

3.    An order declaring that no benefits or damages are payable to Plaintiff under the Plan and/or Policy;

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

86124.1

6
DEFENDANT'S ANSWER TO COMPLAINT
EXHIBIT _B_, PAGE _16_

1      4.      For judgment against Plaintiff and in favor of Defendant;

2      5.      That Defendant recover its costs of suit incurred herein, including reasonable

3  attorneys' fees; and

4      6.      For such other and further relief as this Court deems just and proper.

5

6  Dated:  June 27, 2007                    MESERVE, MUMPER & HUGHES LLP
                                           Simon Manoucherian
7                                          Frederic Esrailian

8                                          By: _____

9                                              Frederic Esrailian
                                               Attorneys for Defendant
10                                             HM LIFE INSURANCE COMPANY,
                                               successor-in-interest to
11                                             GROUPAMERICA INSURANCE
                                               COMPANY

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

86124.1

7

DEFENDANT'S ANSWER TO COMPLAINT

EXHIBIT __B__, PAGE __17__

1  ## PROOF OF SERVICE BY MAIL

2

3  STATE OF CALIFORNIA          )
                                )  ss.:
4  COUNTY OF LOS ANGELES        )

5

6      I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 300 South Grand Avenue, 24th Floor, Los Angeles, California 90071-3185.

7

8      On June 27, 2007, I served on interested parties in said action the within:

9  **DEFENDANT HM LIFE INSURANCE COMPANY'S ANSWER TO COMPLAINT**

10     by placing a true copy thereof in sealed envelope(s) addressed , as stated below.

11     John N. Frye, Esq.
       Law Offices of John N. Frye
12     411 Borel Avenue, Suite 500
       San Mateo, CA 94402

13

14

15     I am readily familiar with this firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. postal service on that same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

16

17     Executed on June 27, 2007, at Los Angeles, California.

18     I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

19

20

21     Patricia Cormier Herron
       _____              _____
       (Type or print name)                 (Signature)

22

23

24

25

26

27

28

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

R6134 1

EXHIBIT _B_, PAGE _18_

**EXHIBIT C**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

John N. Frye          45191
Law Offices of John N. Frye
411 Borel Avenue, Suite 500
San Mateo, CA  94402
   TELEPHONE NO: 650-577-0889    FAX NO.: 650-345-9875
ATTORNEY FOR *(Name):* Plaintiff Irene Demee

ENDORSED
F I L E D
San Francisco County Superior Court

APR 1 2 2007

GORDON PARK-LI, Clerk
BY: _____ JUN P. PANELO
                              Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Francisco
 STREET ADDRESS: 400 McAllister Street, Room 103
 MAILING ADDRESS:
 CITY AND ZIP CODE: San Francisco, CA.  94102-4514
 BRANCH NAME:

CASE NAME: Demee v. GroupAmerica Insurance Co, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited    [ ] Limited | [ ] Counter    [ ] Joinder | CGC-07-462335 |
| (Amount          (Amount | Filed with first appearance by defendant | |
| demanded       demanded is | (Cal. Rules of Court, rule 3.402) | JUDGE: |
| exceeds $25,000) $25,000 or less) | | DEPT.: |

*Items 1-5 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Collections (09)
[ ] Insurance coverage (18)
[X] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is    [X] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve           in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision
3. Type of remedies sought *(check all that apply):*
   a. [X] monetary    b. [ ] nonmonetary; declaratory or injunctive relief    c. [ ] punitive
4. Number of causes of action *(specify):*
5. This case [ ] is    [X] is not    a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 11, 2007

John N. Frye                                   ▶           _____
       (TYPE OR PRINT NAME)                            (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. January 1, 2007] | [ESSENTIAL FORMS logo] Martin Dean's ESSENTIAL FORMS™ | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 3.220, 3.400-3.403; Standards of Judicial Administration, § 19 www.courtinfo.ca.gov |
|---|---|---|---|

Demee, Irene

EXHIBIT _C_, PAGE _19_

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers**

If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 5 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the *primary* cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. You do not need to submit a cover sheet with amended papers. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Complex Cases**

In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)-Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or
toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice-
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil
harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer
or wrongful eviction)*
Contract/Warranty Breach-Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case-Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally
complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent
domain, landlord/tenant, or
foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or
Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ-Administrative Mandamus
Writ-Mandamus on Limited Court
Case Matter
Writ-Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal-Labor
Commissioner Appeals

**Provisionally Complex Civil
Litigation (Cal. Rules of Court Rules
3.400-3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally
complex case type listed above)*
(41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-
domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-
harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified above)*
(43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief from Late
Claim
Other Civil Petition

CM-010 [Rev. January 1, 2007]     Martin Dean's ESSENTIAL FORMS™     **CIVIL CASE COVER SHEET**

Page 2 of 2

Demee, Irene

EXHIBIT C, PAGE 20

CASE NUMBER: CGC-07-2335 IRENE DEMEE VS. GROUP/ ERICA INSURANCE COMPA

## NOTICE TO PLAINTIFF

A Case Management Conference is set for

**DATE:** SEP-14-2007

**TIME:** 9:00AM

**PLACE:** Department 212
400 McAllister Street
San Francisco, CA 94102-3680

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.

However, it would facilitate the issuance of a case management order
**without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 212
twenty-five (25) days before the case management

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

### ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A MANDATORY SETTLEMENT CONFERENCE OR TRIAL.
(SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400 McAllister Street, Room 103
San Francisco, CA 94102
(415) 551-3876

See Local Rules 3.6, 6.0 C and 10 D re stipulation to commissioners acting as temporary judges

**EXHIBIT C, PAGE 21**

# Alternative Dispute Resolution (ADR)
## Information Package

# Alternatives to Trial

# Here are some other ways to resolve a civil dispute.

The plaintiff must serve a copy of the ADR information package
on each defendant along with the complaint.  (CRC 201.9(c))

**Superior Court of California**
**County of San Francisco**

ADR-1  1/06  (bc)

EXHIBIT C , PAGE 22

## Introduction

Did you know that most civil lawsuits settle without a trial?

And did you know that there are a number of ways to resolve civil disputes without having to sue somebody?

These alternatives to a lawsuit are known as alternative dispute resolutions (ADR). The most common forms of ADR are mediation, arbitration and case evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediation, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities through dispute resolution programs and private neutrals.

## Advantages of ADR

ADR can have a number of advantages over a lawsuit.

- *ADR can be speedier.* A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.

- *ADR can save money.* Court costs, attorneys fees, and expert fees can be saved.

- *ADR can permit more participation.* The parties may have more chances to tell their side of the story than in court and may have more control over the outcome.

- *ADR can be flexible.* The parties can choose the ADR process that is best for them. For example, in mediation the parties may decide how to resolve their dispute.

- *ADR can be cooperative.* This means that the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.



EXHIBIT $\underline{C}$, PAGE $\underline{23}$

- *ADR can reduce stress.* There are fewer, if any, court appearances. And because ADR can be speedier, and save money, and because the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads for years.

- *ADR can be more satisfying.* For all the above reasons, many people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve a dispute, instead of filing a lawsuit. Even when a lawsuit has been filed, the court can refer the dispute to a neutral before the parties' position harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

# Disadvantages of ADR

ADR may not be suitable for every dispute.

- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

- There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

- The neutral may charge a fee for his or her services.

- If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

- Lawsuits must be brought within specified periods of time, known as statutes of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

**EXHIBIT __C__, PAGE __24__**

## ALTERNATIVE DISPUTE RESOLUTION PROGRAMS
### Of the San Francisco Superior Court

"It is the policy of the Superior Court that every noncriminal, nonjuvenile case participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to a mandatory settlement conference or trial." (Superior Court Local Rule 4)

This guide is designed to assist attorneys, their clients and self-represented litigants in complying with San Francisco Superior Court's alternative dispute resolution ("ADR") policy. Attorneys are encouraged to share this guide with clients. By making informed choices about dispute resolution alternatives, attorneys, their clients and self-represented litigants may achieve a more satisfying resolution of civil disputes.

The San Francisco Superior Court currently offers three ADR programs for civil matters; each program is described below:

     1)    Judicial arbitration
     2)    Mediation
     3)    The Early Settlement Program (ESP) in conjunction with the San Francisco Bar Association.

### JUDICIAL ARBITRATION

#### Description

In arbitration, a neutral "arbitrator" presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case. When the Court orders a case to arbitration it is called judicial arbitration. The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial. Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.

Although not currently a part of the Court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties

EXHIBIT C , PAGE 25

voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

## Operation

Pursuant to CCP 1141.11 and Local Rule 4, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. A case is ordered to arbitration after the Case Management Conference. An arbitrator is chosen from the Court's Arbitration Panel. Most cases ordered to arbitration are also ordered to a pre-arbitration settlement conference. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is not binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a court trial within 30 days after the arbitrator's award has been filed.

## Cost

There is no cost to the parties for judicial arbitration or for the pre-arbitration settlement conference.

# MEDIATION

## Description

Mediation is a voluntary, flexible, and confidential process in which a neutral third party "mediator" facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement that resolves all or part of the dispute after exploring the significant interests, needs, and priorities of the parties in light of relevant evidence and the law.

Although there are different styles and approaches to mediation, most mediations begin with presentations of each side's view of the case. The mediator's role is to assist the parties in communicating with each other, expressing their interests, understanding the interests of opposing parties, recognizing areas of agreement and generating options for resolution. Through questions, the mediator aids each party in assessing the strengths and weaknesses of their position.

EXHIBIT C, PAGE 26

A mediator does not propose a judgment or provide an evaluation of the merits and value of the case. Many attorneys and litigants find that mediation's emphasis on cooperative dispute resolution produces more satisfactory and enduring resolutions. Mediation's non-adversarial approach is particularly effective in disputes in which the parties have a continuing relationship, where there are multiple parties, where equitable relief is sought, or where strong personal feelings exist.

## Operation

San Francisco Superior Court Local Court Rule 4 **provides three different voluntary mediation programs** for civil disputes. An appropriate program is available for all civil cases, regardless of the type of action or type of relief sought.

To help litigants and attorneys identify qualified mediators, the Superior Court maintains a list of mediation providers whose training and experience have been reviewed and approved by the Court. The list of court approved mediation providers can be found at www.sfgov.org/courts. Litigants are not limited to mediators on the court list and may select any mediator agreed upon by all parties. A mediation provider need not be an attorney.

Local Rule 4.2 D allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate within 240 days from the date the complaint is filed. If settlement is not reached through mediation, a case proceeds to trial as scheduled.

## Private Mediation

The Private Mediation program accommodates cases that wish to participate in private mediation to fulfill the court's alternative dispute resolution requirement. The parties select a mediator, panel of mediators or mediation program of their choice to conduct the mediation. The cost of mediation is borne by the parties equally unless the parties agree otherwise.

Parties in civil cases that have not been ordered to arbitration may consent to private mediation at any point before trial. Parties willing to submit a matter to private mediation should indicate this preference on the Stipulation to Alternative Dispute Resolution form or the Case Management Statement (CM-110). Both forms are attached to this packet.

**EXHIBIT C , PAGE 27**

## Mediation Services of the Bar Association of San Francisco

The Mediation Services is a coordinated effort of the San Francisco Superior Court and The Bar Association of San Francisco (BASF) in which a court approved mediator provides three hours of mediation at no charge to the parties. It is designed to afford civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint, in an effort to resolve the matter before substantial funds are expended on the litigation process. Although the goal of the program is to provide the service at the outset of the litigation, the program may be utilized at anytime throughout the litigation process.

The mediators participating in the program have been pre-approved by the court pursuant to strict educational and experience requirements.

After the filing of the signed Stipulation to Alternative Dispute Resolution form included in this ADR package the parties will be contacted by BASF. Upon payment of the $200 per party administration fee, parties select a specific mediator from the list of court approved mediation providers. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Waiver of the administrative fee based on financial hardship is available.

A copy of the Mediation Services rules can be found on the BASF website at www.sfbar.org, or you may call BASF at 415-782-8913

### Judicial Mediation

The Judicial Mediation program is designed to provide early mediation of complex cases by volunteer judges of the San Francisco Superior Court. Cases considered for the program include construction defect, employment discrimination, professional malpractice, insurance coverage, toxic torts and industrial accidents.

Parties interested in judicial mediation should file the Stipulation to Alternative Dispute Resolution form attached to this packet indicating a joint request for inclusion in the program. A preference for a specific judge may be indicated. The court Alternative Dispute Resolution Coordinator will coordinate assignment of cases that qualify for the program.

EXHIBIT __C__, PAGE __28__

## Cost

Generally, the cost of Private Mediation ranges from $200 per hour to $400 per hour and is shared equally by the parties. Many mediators are willing to adjust their fees depending upon the income and resources of the parties. Any party who meets certain eligibility requirements may ask the court to appoint a mediator to serve at no cost to the parties.

The Mediation Services of the Bar Association of San Francisco provides three hours of mediation time at no cost with a $200 per party administrative fee.

There is no charge for participation in the Judicial Mediation program.

## EARLY SETTLEMENT PROGRAM

### Description

The Bar Association of San Francisco, in cooperation with the Court, offers an Early Settlement Program ("ESP") as part of the Court's settlement calendar. The goal of early settlement is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of the dispute. The two-member volunteer attorney panel reflects a balance between plaintiff and defense attorneys with at least 10 years of trial experience.

As in mediation, there is no set format for the settlement conference. A conference typically begins with a brief meeting with all parties and counsel, in which each is given an opportunity to make an initial statement. The panelists then assist the parties in understanding and candidly discussing the strengths and weaknesses of the case. The Early Settlement Conference is considered a "quasi-judicial" proceeding and, therefore, is not entitled to the statutory confidentiality protections afforded to mediation.

### Operation

Civil cases enter the ESP either voluntarily or through assignment by the Court. Parties who wish to choose the early settlement process should indicate this preference on the status and setting conference statement.

**EXHIBIT _C_ , PAGE _29_**

If a matter is assigned to the ESP by the Court, parties may consult the ESP program materials accompanying the "Notice of the Early Settlement Conference" for information regarding removal from the program.

Participants are notified of their ESP conference date approximately 4 months prior to trial. The settlement conference is typically held 2 to 3 months prior to the trial date. The Bar Association's ESP Coordinator informs the participants of names of the panel members and location of the settlement conference approximately 2 weeks prior to the conference date.

Local Rule 4.3 sets out the requirements of the ESP. All parties to a case assigned to the ESP are required to submit a settlement conference statement prior to the conference. All parties, attorneys who will try the case, and insurance representatives with settlement authority are required to attend the settlement conference. If settlement is not reached through the conference, the case proceeds to trial as scheduled.

### Cost

All parties must submit a $200 generally non-refundable administrative fee to the Bar Association of San Francisco. Parties who meet certain eligibility requirements may request a fee waiver. For more information, please contact the ESP Coordinator at (415) 982-1600.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

For further information about San Francisco Superior Court ADR programs or dispute resolution alternatives, please contact:

Superior Court Alternative Dispute Resolution Coordinator,
400 McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3876

or visit the Superior Court Website at
http://sfgov.org/site/courts_page.asp?id=3672

EXHIBIT C, PAGE 30

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN FRANCISCO

400 McAllister Street, San Francisco, CA 94102-4514

| | |
|---|---|
| Plaintiff<br><br>v.<br><br>Defendant | Case No. _____<br><br>**STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION** |

The parties hereby stipulate that this action shall be submitted to the following alternative dispute resolution process:

☐ Private Mediation          ☐ Mediation Services of BASF  ☐ Judicial Mediation
☐ Binding arbitration                                              Judge _____
☐ Non-binding judicial arbitration                                Judge _____
☐ BASF Early Settlement Program
☐ Other ADR process (describe) _____

Plaintiff(s) and Defendant(s) further agree as follows:

_____

_____

_____

---

Name of Party Stipulating        Name of Party or Attorney Executing Stipulation        Signature of Party or Attorney

☐ Plaintiff    ☐ Defendant    ☐ Cross-defendant          Dated: _____


Name of Party Stipulating        Name of Party or Attorney Executing Stipulation        Signature of Party or Attorney

☐ Plaintiff    ☐ Defendant    ☐ Cross-defendant          Dated: _____


Name of Party Stipulating        Name of Party or Attorney Executing Stipulation        Signature of Party or Attorney

☐ Plaintiff    ☐ Defendant    ☐ Cross-defendant          Dated: _____

☐ Additional signature(s) attached

---

ADR-2  3/06                    **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION**

EXHIBIT __C__, PAGE __31__

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.:                    FAX NO. (Optional):

E-MAIL ADDRESS (Optional):

ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**

STREET ADDRESS:

MAILING ADDRESS:

CITY AND ZIP CODE:

BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| (Check one):   ☐ **UNLIMITED CASE** (Amount demanded exceeds $25,000)   ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date:                    Time:                    Dept.:                    Div.:                    Room:

Address of court (if different from the address above):

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** (answer one):
   a. ☐ This statement is submitted by party (name):
   b. ☐ This statement is submitted jointly by parties (names):

2. **Complaint and cross-complaint** (to be answered by plaintiffs and cross-complainants only)
   a. The complaint was filed on (date):
   b. ☐ The cross-complaint, if any, was filed on (date):

3. **Service** (to be answered by plaintiffs and cross-complainants only)
   a. ☐ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served (specify names and explain why not):
      (2) ☐ have been served but have not appeared and have not been dismissed (specify names):
      (3) ☐ have had a default entered against them (specify names):
   c. ☐ The following additional parties may be added (specify names, nature of involvement in case, and the date by which they may be served):

4. **Description of case**
   a. Type of case in ☐ complaint   ☐ cross-complaint   (describe, including causes of action):

Page 1 of 4

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2007]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
www.courtinfo.ca.gov

American LegalNet, Inc.
www.Forms.Workflow.com

EXHIBIT ___C___, PAGE _32_

| | CM-110 |
|---|---|
| PLAINTIFF/PETITIONER: | CASE NUMBER: |
| DEFENDANT/RESPONDENT: | |

4.  b.   Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐  *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
    The party or parties request  ☐ a jury trial  ☐ a nonjury trial    *(if more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
    a.  ☐  The trial has been set for *(date):*
    b.  ☐  No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

    c.   Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**
    The party or parties estimate that the trial will take *(check one):*
    a.  ☐  days *(specify number):*
    b.  ☐  hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
    The party or parties will be represented at trial  ☐  by the attorney or party listed in the caption  ☐  by the following:
    a.  Attorney:
    b.  Firm:
    c.  Address:
    d.  Telephone number:
    e.  Fax number:
    f.  E-mail address:
    g.  Party represented:
    ☐  Additional representation is described in Attachment 8.

9.  **Preference**
    ☐  This case is entitled to preference *(specify code section):*

10. **Alternative Dispute Resolution (ADR)**
    a.  Counsel  ☐ has  ☐ has not   provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
    b.  ☐  All parties have agreed to a form of ADR. ADR will be completed by *(date):*
    c.  ☐  The case has gone to an ADR process *(indicate status):*

EXHIBIT $\underline{C}$ , PAGE $\underline{33}$

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. d.    The party or parties are willing to participate in *(check all that apply):*

   (1) ☐ Mediation

   (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)

   (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)

   (4) ☐ Binding judicial arbitration

   (5) ☐ Binding private arbitration

   (6) ☐ Neutral case evaluation

   (7) ☐ Other *(specify):*

   e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

   f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

   g. ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption):*

**11. Settlement conference**

   ☐ The party or parties are willing to participate in an early settlement conference *(specify when):*

**12. Insurance**

   a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

   b. Reservation of rights: ☐ Yes ☐ No

   c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**13. Jurisdiction**

   Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.

   ☐ Bankruptcy ☐ Other *(specify):*

   Status:

**14. Related cases, consolidation, and coordination**

   a. ☐ There are companion, underlying, or related cases.

   (1) Name of case:

   (2) Name of court:

   (3) Case number:

   (4) Status:

   ☐ Additional cases are described in Attachment 14a.

   b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**15. Bifurcation**

   ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**16. Other motions**

   ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

EXHIBIT $\underline{C}$, PAGE $\underline{34}$

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Discovery**
   a. ☐ The party or parties have completed all discovery.
   b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|
| | | |

   c. ☐ The following discovery issues are anticipated *(specify)*:

**18. Economic Litigation**
   a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.
   b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

**19. Other issues**
   ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

**20. Meet and confer**
   a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain)*:

   b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify)*:

**21. Case management orders**
   Previous case management orders in this case are *(check one)*:   ☐ none   ☐ attached as Attachment 21.

**22. Total number of pages attached *(if any)*:** _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

| | |
|---|---|
| _____ | _____ |
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |
| _____ | _____ |
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |
| | ☐ Additional signatures are attached |

CM-110 [Rev. January 1, 2007]                 **CASE MANAGEMENT STATEMENT**                  Page 4 of 4

EXHIBIT  C , PAGE  35



# Superior Court of California
## County of San Francisco

## Judicial Mediation Program

### Introducing a new court alternative dispute resolution
### program that provides judicial mediation of complex civil cases

The Judicial Mediation program offers mediation of complex civil litigation by a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. Cases that will be considered for participation in the program include, but are not limited to professional malpractice, construction, employment, insurance coverage disputes, mass torts and complex commercial litigation. Judicial mediation offers civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint in an effort to resolve the matter before substantial funds are expended. This program may also be utilized at anytime throughout the litigation process. The panel of judges currently participating in the program includes:

The Honorable David L. Ballati
The Honorable Anne Bouliane
The Honorable Ellen Chaitin
The Honorable John J. Conway
The Honorable Robert L. Dondero
The Honorable Ernest H. Goldsmith
The Honorable Curtis E. A. Karnow
The Honorable Patrick J. Mahoney

The Honorable Tomar Mason
The Honorable James J. McBride
The Honorable Kevin M. McCarthy
The Honorable John E. Munter
The Honorable Ronald Evans Quidachay
The Honorable A. James Robertson, II
The Honorable Mary E. Wiss

Parties interested in judicial mediation should file the Stipulation to Alternative Dispute Resolution form attached to this packet indicating a joint request for inclusion in the program and deliver a courtesy copy to Dept. 212. A preference for a specific judge may be indicated. The court Alternative Dispute Resolution Coordinator will facilitate assignment of cases that qualify for the program.

Note: Space is limited. Submission of a stipulation to judicial mediation does not guarantee inclusion in the program. You will receive written notification from the court as to the outcome of your application.

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA 94102
(415) 551-3876

12/15/06

## PROGRAM HIGHLIGHTS

### AN EXCELLENT VALUE

- One hour of preparation and two hours of mediator time at no charge

- Low administrative fee

- Highly-qualified mediators who have met strict educational and experience requirements

### MEETS COURT REQUIREMENTS

- Participation meets the San Francisco Superior Court's Alternative Dispute Resolution requirement

- Approved alternative to court mandatory arbitration or early settlement

### WE DO THE WORK

- Mediator assignment, case administration and personal assistance by experienced Bar Association of San Francisco staff

### CHOICE AND FLEXIBILITY

- Parties participate in the mediator selection process

- Mediator biography and rate schedule provided to parties

- Parties participate in setting the mediation session date

- May be utilized before filing in court or at any time throughout the litigation process

# MEDIATION SERVICES

## THE BAR ASSOCIATION OF SAN FRANCISCO



THE BAR ASSOCIATION OF SAN FRANCISCO

EXHIBIT _C_ , PAGE _37_

## What is mediation?

Mediation is a voluntary, private dispute resolution process in which a trained mediator assists the parties in reaching an outcome that is mutually agreeable. Mediation tends to be less formal, take less time and cost less than arbitration or a court action. The mediator does not make a decision for you, as a judge or arbitrator might. Rather, they help you come to a resolution that all parties are satisfied with, which is binding only if everyone agrees.

## How does it work?

BASF's Mediation Services works quickly, matching a qualified mediator to a case within days. After ensuring that a mediator does not have a conflict of interest, BASF sends the parties the mediator's biography and rates. Alternatively, parties may request three mediator biographies from which to choose or may choose a particular mediator from our Web site. To initiate mediation, each party need only complete and send to BASF a simple Consent to Mediate form with the administrative fee.

## What is BASF's Mediation Service?

Developed by The Bar Association of San Francisco (BASF) with extensive input from experienced mediators, litigators and judges, BASF's Mediation Services was established in November 2003. The service helps parties throughout the San Francisco Bay Area to settle their disputes.

## Who can use the service?

The service can be utilized by anyone, whether or not the dispute has been filed in court. If legal action is already underway, it can be used at any time during the litigation process and is not limited to San Francisco County litigants.

**WWW.SFBAR.ORG/ADR/MEDIATION**

## How much does the service cost?

Our mediators generously provide one hour of preparation and two hours of session time free of charge as a service to BASF and the community. Hourly fees beyond those three hours vary depending on the mediator selected. BASF charges a small administrative fee per party, which pays for the costs of running the program. Parties can request a waiver of the fee based on financial hardship.

## Who are the mediators?

BASF's mediators are experienced mediation professionals who are available to assist in most areas of the law. Each has been pre-approved pursuant to strict educational and experience requirements. In fact, our mediators possess an average of 15 years of mediation experience and 125 hours of formal mediation training.

## SUCCESS STORIES

"The mediator settled a case that opposing counsel and I honestly believed could not be settled."

*Richard W. Osman, Esq.*
*Bertrand, Fox & Elliot*

"Much thanks to the mediator and The Bar Association of San Francisco. The mediator was extraordinary, he went above and beyond the call of duty, and his knowledge of real property issues greatly assisted the parties."

*Robert P. Travis, Esq.*
*Travis and Pon*

"The mediator was excellent! He was effective with some strong, forceful personalities."

*Denise A. Leadbetter, Esq.*
*Zacks, Utrecht & Leadbetter*

For mediator biographies, forms and rules, please visit

**WWW.SFBAR.ORG/ADR/MEDIATION**

Questions?
ADR@sfbar.org or 415.982.1600

# BASF Mediators

| | | |
|---|---|---|
| Koorosh Afshari | Michael D. Handlos | Herman D. Papa |
| Elizabeth E. Bader | Lynn Hansen | Basil Plastiras |
| Eileen Barker | John R. Heisse, II | Marco Quazzo |
| Sandra Blair | Kay E. Henden | Steven Rosenberg |
| Burton F. Boltuch | Frederick C. Hertz | Jeffrey A. Ross |
| Angela Bradstreet | Bruce Highman | Alan R. Rothstein |
| George B. Brewster | Yolanda M. Jackson | Stephen B. Ruben |
| Fred D. Buller | Richard Jaeger | Cheryl A. Sena |
| Keith Chrestionson | Roberta R. Jeffrey | Malcolm Sher |
| Thomas A. Cohen | Kenneth F. Johnson | Elizabeth H. Shwiff |
| Nancy de Ita | Steger P. Johnson | Carol Ruth Silver |
| Martin H. Dodd | Gail Killefer | Teri H. Sklar |
| Paul Dubow | Carol M. Kingsley | Roger W. Sleight |
| David H. Fielding | Chris Knowlton | Jason H. Stein |
| Robert T. Fries | Guy O. Kornblum | Michael J. Timpane |
| Mark Gainer | Dr. Urs Lauchli | Elizabeth A. Tippin |
| Sanford Garfinkel | Theodora R. Lee | Charles A. Triay |
| Gerald F. George | Arthur D. Levy | Claudia M. Viera |
| Matthew J. Geyer | Robert T. Lynch | Gregory D. Walker |
| Judith A. Gordon | Sharon T. Maier | Albert B. Wenzell, Jr. |
| Stephen J. Gorski | Michael L. Marx | Arne Werchick |
| Laurel Littman Gothelf | David J. Meadows | Andrew R. Wiener |
| Judge Ron Greenberg (Ret) | Thomas C. Nagle | Joel Zebrack |
| Paul D. Gutierrez | Marilyn O'Toole | |
| Arnold B. Haims | Marc Paisin | October 2006 |

MEDIATOR BIOGRAPHIES AND PHOTOGRAPHS: WWW.SFBAR.ORG/ADR/MEDIATION