# WELCOME TO THE U.S. DISTRICT COURT, SAN FRANCISCO
## OFFICE HOURS:   9:00 A.M. TO 4:00 P.M.
### 415.522.2000
#### www.cand.uscourts.gov

**In Addition to the Local Rules, the Following Guidelines Have Been Provided to Ensure That the Filing Process Is Accomplished with Ease and Accuracy.  For Additional Information or Assistance, Please Call the above Number During Office Hours.**

1.    Documents are to be filed in the Clerk's Office at the location of the chambers of the judge to whom the action has been assigned.  We do not accept filings for cases assigned to judges or magistrate judges in the Oakland or San Jose division, per Civil L.R. 3-2(b).

2.    This office will retain the original plus one copy of most documents submitted. We will conform as many copies as you bring for your use.  Related cases require an extra copy for **each** related action designated.

3.    The copy retained goes directly to the assigned Judge.  Courtesy copies, or instructions for couriers to deliver a copy directly to chambers are inappropriate, unless you have been instructed to do so by court order.

4.    In order to facilitate the file stamping process, each original document should be submitted on top of its copies.  In other words, group like documents together--as opposed to a set of originals and separate sets of copies.

5.    The case number must indicate whether it is a civil or criminal matter by the inclusion of **C** or **CR** at the beginning of the number.  Miscellaneous and foreign judgment matters should also be indicated with initials **MISC** or **FJ** at the end of the case number.

6.    The case number must include the initials of the judge and/or magistrate judge followed by the letters designating the case Arbitration (**ARB**), Early Neutral Evaluation (**ENE**) or Mediation (**MED**)--if assigned to one of those programs.

7.    The document caption should include the appropriate judge or magistrate judge involved in a particular matter or before whom an appearance is being made.  This is especially important when submitting Settlement Conference Statements.

8.    Documents are to be stapled or acco-fastened at the top.  Backings, bindings and covers are not required.  Two holes punched at the top of the original document will facilitate processing.

9.    Appropriately sized, stamped, self-addressed return envelopes are to be included with proposed orders or when filing documents by mail.

EXHIBIT _C_, PAGE __11__

10.    Proofs of service should be attached to the back of documents. If submitted separately, you must attach a pleading page to the front of the document showing case number and case caption.

11.    There are no filing fees once a case has been opened.

12.    New cases must be accompanied by a completed and signed Civil Cover Sheet, the filing fee or fee waiver request form and an original plus **two** copies of the complaint and any other documents. For Intellectual Property cases, please provide an original plus **three** copies of the underline(complaint). Please present new cases for filing before 3:30 p.m., as they take a considerable amount of time to process.

13.    Copies of forms may be obtained at no charge. They may be picked up in person from the Clerk's Office forms cabinet or with a written request accompanied by an appropriate sized, stamped, self-addressed envelope for return. In addition, copies of the Local Rules may be obtained, free of charge, in the Clerk's Office or by sending a written request, along with a self-addressed, 10" x 14" return envelope, stamped with **$ 3.95** postage to: Clerk, U.S. District Court, 450 Golden Gate Avenue, 16th Floor, San Francisco, CA 94102.

14.    Two computer terminals which allow public access to case dockets and one terminal with information regarding files at the Federal Records Center (FRC) are located in the reception area of the Clerk's Office. Written instructions are posted by the terminals. Outside of the Clerk's Office, electronic access to dockets is available through PACER. To obtain information or to register call 1-800-676-6851.

15.    A file viewing room is located adjacent to the reception area. Files may be viewed in this area after signing the log sheet and presenting identification. Files are to be returned by **1:00 pm** Under no circumstances are files to be removed from the viewing room.

16.    The Clerk's Office can only accept payment by **exact change or check** made payable to Clerk, U.S. District Court. No change can be made for fees or the public copy machine.

17.    Two pay copy machines are located in the file viewing room for public use, at fifteen cents ($.15) per page. Copy cards may be purchases at the snack bar on the first floor. Orders for copywork may be placed through Eddie's Document Retrieval by phoning 415-317-5556. Arrangements may be made to bring in a personal copier by calling the Clerk's Office in advance.

18.    We have a drop box for filing when the Clerk's Office is closed. Please see attached for availability and instructions.

EXHIBIT _C_ , PAGE _12_

## SAN FRANCISCO

| Article III Judges | Judges Initials | Magistrate Judges | Judges Initals |
|---|---|---|---|
| Alsup, William H. | WHA | Chen, Edward M. | EMC |
| Breyer, Charles R. | CRB | James, Maria-Elena | MEJ |
| Chesney, Maxine M. | MMC | Laporte, Elizabeth D. | EDL |
| Conti, Samuel | SC | Larson, James | JL |
| Hamilton, Phyllis J. | PJH | Spero, Joseph C. | JCS |
| Henderson, Thelton E. | TEH | Zimmerman, Bernard | BZ |
| Illston, Susan | SI | | |
| Jenkins, Martin J. | MJJ | | |
| Patel, Marilyn Hall | MHP | | |
| Schwarzer, William W | WWS | | |
| Walker, Vaughn R | VRW | | |
| White, Jeffrey S. | JSW | | |

## SAN JOSE

| Article III Judges | Judges Initials | Magistrate Judges | Judges Initials |
|---|---|---|---|
| Fogel, Jeremy | JF | Lloyd, Howard R. | HRL |
| Ware, James | JW | Seeborg, Richard | RS |
| Whyte, Ronald M. | RMW | Trumbull, Patricia V. | PVT |

## OAKLAND

| Article III Judges | Judges Initials | Magistrate Judges | Judges Initials |
|---|---|---|---|
| Armstrong, Saundra B. | SBA | Brazil, Wayne D. | WDB |
| Jensen, D. Lowell | DLJ | | |
| Wilken, Claudia | CW | | |

EXHIBIT _C_, PAGE _13_

GENERAL ORDER NO. 45

ELECTRONIC CASE FILING

I.    **Rules and Orders.**

A. Authorization. Local Rule 5-4 authorizes electronic filing in conjunction with Federal Rule of Civil Procedure 5(e) and Federal Rule of Criminal Procedure 49(b) and (d). The following policies shall govern electronic filing in this district.

B. Modification by the court. In extraordinary circumstances in a particular case, a judge may modify these policies in the interest of justice.

C. Applicability of Other Rules and Orders. Unless modified by approved stipulation or order of the court or a judge, all Federal Rules of Civil and Criminal Procedure, Local Rules, and orders of the court shall continue to apply to cases which are subject to electronic filing.

II.   **Definitions and Instructions.**

The following definitions and instructions shall apply to these policies regarding electronic filing:

A. The term "ECF" refers to the court's Electronic Case File program.

B. The term "ECF web site" refers to the official Electronic Case File Internet site of the Northern District of California at http://ecf.cand.uscourts.gov.

C. "Electronic Filing" refers to the process of logging in to the court web site and completing a transaction which includes the uploading of the document(s) comprising the filing to the court's system. Sending a document by email does not constitute an electronic filing.

D. The term "party" shall include counsel of record.

E. An "ECF User", as set forth in Section 4 below, is a person who is registered to use the ECF site. An ECF login is an attorney's individual electronic signature equivalent.

F. The "E-Mail Address of Record" is the e-mail address of each party to the case as maintained by the Clerk.

G. A "Notice of Electronic Filing" is generated automatically by the ECF system upon completion of an electronic filing. The Notice of Electronic Filing when e-mailed to the e-mail addresses of record in the case acts as the proof of service.

H. All hours stated shall be Pacific time.

EXHIBIT _C_, PAGE _14_

2.) In the event that counsel from the same firm replace one another as representatives of a client, a Notice of Substitution of Counsel shall be filed.

3.) In the event that a particular counsel ceases to be involved with a case when the party is still represented by other counsel, a Notice of Change in Counsel shall be filed.

4.) The withdrawal of a party's sole remaining counsel is governed by Civil Local Rule 11-5 and requires an order of the court.

5.) The replacement of one firm by another as counsel for a party also requires an order of the court.

Upon receipt of the preceding notifications, the Clerk of Court will update the record of appearances of counsel.

D. Authorizing Use of User ID and Password by Others. An ECF User may authorize another person to file a document using the User ID and Password of the ECF User, and the ECF User shall retain full responsibility for any document so filed.

E. Access.

1.) Filing: Only an ECF user as defined in Section IV.A may file documents.

2.) Retrieval: Any person may review at the clerk's office all filings, electronic or paper, that have not been sealed by the court. Any person also may access the Electronic Filing System at the court's ECF web site by obtaining a PACER log-in and password. Any person who has PACER access may retrieve online docket sheets in civil and criminal cases which are not sealed, and may retrieve online documents which are not sealed with the following exceptions:

a.) Exceptions in Civil Cases: Any person who has PACER access may retrieve online electronically filed documents in civil cases other than Social Security appeals. Only counsel for a party to the case may retrieve online documents in a Social Security appeal.

b.) Exceptions in Criminal Cases (Limited Access filings): Any person who has PACER access may retrieve online electronically filed documents in criminal cases, except that counsel in criminal cases may designate particular filings as "Limited Access" if they contain sensitive personal information. Any document, filed in response to a Limited Access filing, that also refers to the personal information shall also be designated as Limited Access. The words LIMITED ACCESS shall be prominently displayed on any such documents so designated. Such documents can be retrieved at the clerk's office but may not be retrieved online.

V.    Filing and Service of Documents.

A. Initiating Documents. Complaints, indictments and informations, including superseding indictments and informations, and other case-initiating documents shall be filed, any fees paid, and summons issued and served in the traditional manner on paper rather than electronically. For cases subject to ECF pursuant to Section III. above, all

EXHIBIT _C_, PAGE _15_

previously filed documents shall be submitted in electronic form (PDF format only) within ten days. Submission of initiating documents must be made by email rather than by e-filing. A list of email addresses for the submission of PDF documents may be found at the ECF web site. In Bankruptcy appeal and Social Security appeal cases, the record from the court or agency below shall not be submitted electronically, but shall be submitted on paper only. Failure to email PDF copies of initiating documents timely shall be subject to such sanctions as may be imposed by the Court.

B. Documents Filed on Paper in Cases Designated for ECF. Whenever a paper filing is made of any document in a case designated for e-filing, the document shall be submitted in electronic form (PDF format only) within ten days via email to the appropriate email address. A list of email addresses for the submission of PDF documents may be found at the ECF web site.

C. Documents E-Filed in Cases Not Designated for ECF. Filings in cases not designated for electronic filing should be made on paper only. In the event a document is e-filed in a case not designated for electronic filing, the document must be submitted to the court for the purpose of completing the paper file; the document should not be filed again. The filer of the document should mark the paper copy clearly with "E-filed on [date]. Copy for paper file".

D. Service and Answer. Upon the filing of a complaint in an action which is subject to ECF, the plaintiff(s) shall serve notice upon the defendant(s) that the action is subject to ECF, and shall serve the ECF handout, received by the filer at the time of opening the case which contains information necessary for registration, together with the complaint. The defendant shall register to become an ECF User following the procedures outlined at the ECF web site if not already registered. If the defendant is a registered ECF User pursuant to Section II.D above, the answer shall be filed electronically. If the defendant is unable to electronically file the answer or other responsive document, it may be filed non-electronically, and the defendant shall within ten days submit the answer or other responsive documents in electronic form (PDF format only), to an e-mail address for that purpose which may be found on the ECF web site, for attachment to docket entries previously made by the Clerk's Office.

I.   Electronic Filing.

A. Generally. In any case subject to electronic filing, all documents required to be filed with the Clerk shall be filed electronically on the ECF web site, except as provided otherwise in Section VII or authorized otherwise by the court.

B. Format. Documents filed electronically must be submitted in the PDF format. Documents which the filer has in an electronic format must be converted to PDF from the word processing original, not scanned, to permit text searches and to facilitate transmission

4

EXHIBIT ___C___, PAGE __16__

and retrieval. Only documents of which the filer possesses only a paper copy may be scanned to convert them to PDF format. (See Section X. for rules governing the filing of documents with signatures not those of the e-filer.)

C. Completion of Filing. Electronic transmission of a document consistent with the procedures adopted by the court shall, upon the complete receipt of the same by the Clerk and together with the receipt of a Notice of Electronic Filing from the court, constitute filing of the document for all purposes of the Federal Rules of Civil and Criminal Procedure and the Local Rules of this Court, and shall constitute entry of that document onto the docket maintained by the Clerk pursuant to Federal Rules of Civil Procedure 58 and 79, and to Federal Rules of Criminal Procedure 49 and 55.

D. Deadlines. Filing documents electronically does not alter any filing deadlines. All electronic transmissions of documents must be completed (i.e., received completely by the Clerk's Office) prior to midnight in order to be considered timely filed that day. Where a specific time of day deadline is set by Court order or stipulation, the electronic filing shall be completed by that time. Although parties can file documents electronically 24 hours a day, attorneys and parties are strongly encouraged to file all documents during normal working hours of the Clerk's Office when assistance is available.

E. Technical Failures. The Clerk shall deem the ECF web site to be subject to a technical failure on a given day if the site is unable to accept filings continuously or intermittently over the course of any period of time greater than one hour after 12:00 noon that day, in which case filings due that day which were not filed due solely to such technical failures shall become due the next business day. Such delayed filings shall be accompanied by a declaration or affidavit attesting to the filing person's failed attempts to file electronically at least two times after 12:00 noon separated by at least one hour on each day of delay due to such technical failure. The initial point of contact for any practitioner experiencing difficulty filing a document into the ECF system shall be the toll-free number posted on the ECF web site.

F. Docket. The record of filings and entries created by the ECF system for each case shall constitute the docket.

G. Courtesy Copies. In all cases subject to ECF, in addition to filing papers electronically, the parties are required to lodge for chambers no later than noon on the business day following the day that the papers are filed electronically, one paper copy of each document that is filed electronically. These printed copies shall be marked "Chambers Copy" and shall be clearly marked with the judge's name, case number, and "Chambers Copy-Do Not File." The printed copies shall be delivered to the Clerk's Office. Parties shall not file a paper copy of any document with the Clerk's Office that has already been filed electronically.

VII.    Manual Filing.

EXHIBIT _C_, PAGE _11_

A. Generally. Parties otherwise participating in ECF may be excused from filing a particular component electronically if it is not available in electronic format and it is not feasible for the filer to convert it to electronic format by scanning it. Such component shall not be filed electronically, but instead shall be manually filed with the Clerk of Court and served upon the parties in accordance with the applicable Federal Rules of Civil and Criminal Procedure and the Local Rules for filing and service of non-electronic documents. Parties manually filing a component shall file electronically a Manual Filing notification setting forth the reason(s) why the component cannot be filed electronically. Further information regarding the notification of the manual filing of a document can be found on the ECF web site.

1. Exhibits. Exhibits whose electronic original is not available to the filer and must therefore be scanned to PDF should be filed electronically only when the size of the document does not exceed the limit specified on the ECF web site. Scanning documents often produces files which are too large to be readily usable. Exhibits which are filed on paper because they are too large to scan should be represented in the electronic filing by a Notice of Manual Filing attached in place of the actual document.

B. Exclusions. Some types of documents shall only be filed conventionally and not electronically unless specifically authorized by the court. A list of documents to be filed manually may be found on the ECF web site.

I. Proposed Orders.

A. Generally. In addition to being filed, proposed orders in cases designated for e-filing shall be lodged with the court by being transmitted by electronic mail to the specific addresses for that purpose which may be found on the ECF web site.

B. Format. Documents transmitted pursuant to this section shall be submitted in an approved format, a list of which can be found on the ECF web site. When a proposed order accompanies a filing, a copy of the proposed order in PDF format should also be attached to its electronically filed document (e.g., stipulations and motions.)

X. Service of Electronically Filed Documents.

A. Generally. Parties in cases subject to ECF shall make available electronic mail addresses for service. Upon the filing of a document by a party, an e-mail message will be automatically generated by the electronic filing system and sent to all parties in the case. Receipt of this message shall constitute service on the receiving party. In addition to receiving e-mail notifications of filing activity, the parties are strongly encouraged to check the docket in their case on the electronic filing system at regular intervals. A PACER account will be necessary to check the electronic docket.

EXHIBIT _C_, PAGE _18_

B.  Parties in Cases Subject to ECF.  The automatic e-mail message generated by the ECF system and sent to all parties whose e-mail addresses have been registered in the case, as described in Section A. above, shall constitute service on the attorney or other persons in a case subject to ECF.

C.  Parties Who Have Not Registered as ECF Users.

1.  Third Party Defendants.  Upon the filing of a third-party complaint in an action which is subject to ECF, the third-party plaintiff(s) shall serve notice upon the third-party defendant that the action is subject to ECF, and shall serve the ECF handout, received by the filer at the time of opening the case which contains information necessary for registration, together with the third-party complaint.  The third-party defendant shall register to become an ECF User following the procedures outlined at the ECF web site if not already registered. If the third-party defendant is a registered ECF User pursuant to Section II.D above, the third-party answer shall be filed electronically.  If the third-party defendant is unable to electronically file the answer or other responsive document, it may be filed non-electronically, and the defendant shall within ten days submit the answer or other responsive documents in electronic form (PDF format only), to an e-mail address for that purpose which may be found on the ECF web site,  for attachment to docket entries previously made by the Clerk's Office.

2.  Others.  In an action subject to ECF, when service of a document other than a third-party complaint is required to be made upon a person who is not a registered ECF User, a paper copy of the document shall be served on the person (as otherwise required by the Federal Rules of Civil and Criminal Procedure or the Local Rules), along with a copy of the ECF handout received by the filer at the time of opening the case which contains information necessary for registration.  If the person so served is permitted or required to respond to the document, such time to respond shall be computed without regard to ECF. The person shall register to become an ECF User following the procedures outlined at the ECF web site if not already registered. If the person is a registered ECF User pursuant to Section II.D above, the responsive document shall be filed electronically.  If the defendant is unable to electronically file the responsive document, it may be filed non-electronically, and the defendant shall within ten days submit the responsive document in electronic form (PDF format only), to an e-mail address for that purpose which may be found on the ECF web site,  for attachment to docket entries previously made by the Clerk's Office.

D.  Service of the Court's Orders.  Orders filed by the court in cases designated for electronic filing will be served only via the email Notice of Electronic Filing. No paper service will be made by the court.

EXHIBIT  C, PAGE  19

X.    Signatures.

A document filed with the court electronically shall be deemed to be signed by a person (the "Signatory") when the document identifies the person as a Signatory and the filing complies with either subparagraph A or B. Any filing in accordance with any of these methods shall bind the Signatory as if the document were physically signed and filed, and shall function as the Signatory's signature, whether for purposes of Rule 11 of the Federal Rules of Civil Procedure, to attest to the truthfulness of an affidavit or declaration, or for any other purpose.

All orders, decrees, judgments, and proceedings of the court will be filed in accordance with these rules which will constitute entry on the docket kept by the clerk under Federal Rules of Civil Procedure 58 and 79 and Federal Rules of Criminal Procedure 49 and 55. All signed orders will be filed electronically by the court or court personnel. Any order filed electronically without the original signature of a judge has the same force and effect as if the judge had affixed the judge's signature to a paper copy of the order and it had been entered on the docket in a conventional manner.

A. ECF Users. In the case of a Signatory who is an ECF User, such document shall be deemed signed, regardless of the existence of a physical signature on the document, provided that such document is filed using the User ID and Password of the Signatory.

B. Others. In the case of a Signatory who is not an ECF User, or who is an ECF User but whose User ID and Password will not be utilized in the electronic filing of the document, as in the case of documents requiring multiple signatures, the filer of the document shall list thereon all the names of any other signatory or signatories. The filer shall attest that concurrence in the filing of the document has been obtained from each of the other signatories, or from the single signatory (in the case, e.g., of a declaration) which shall serve in lieu of their signature(s) on the document. The filer's attestation may be incorporated in the document itself, or take the form of a declaration to be attached to the document. The filer shall maintain records to support this concurrence for subsequent production for the court if so ordered or for inspection upon request by a party until one year after final resolution of the action (including appeal, if any). The filer may attach a scanned image of the signature page(s) of the document being electronically filed in lieu of maintaining the paper record for subsequent production if required.

C. Criminal Cases. Any document signed by a criminal defendant shall be scanned in its entirety to insure that an image of the defendant's signature is visible in the filing, notwithstanding the provisions of Section VI.B. Any document with multiple signatories in a criminal case shall be scanned in its entirety. Certain documents which may be used by other agencies shall be scanned in their entirety to include images of the signatures; a list of such documents will be found on the ECF web site.

XI.    Record on Appeal.

8

EXHIBIT ___C___, PAGE ___20___

Until such time as the United States Courts of Appeals for the Ninth Circuit and the Federal Circuit institute rules and procedures to accommodate Electronic Case Filing, notices of appeal to those courts shall be filed, and fees paid, in the traditional manner on paper rather than electronically. All further documents relating to the appeal shall be filed and served in the traditional manner as well. Appellant's counsel shall provide paper copies of the documents that constitute the record on appeal to the District Court Clerk's Office.

## XII.    Access to Rules.

These policies, as well as operational guidelines and instructions, shall be posted on the ECF web site and may be published in official legal newspapers in this district. Any amendments to ECF procedures shall be similarly published.

ADOPTED:  12/15/98
AMENDED:  1/16/01
AMENDED:  2/12/02
AMENDED:  4/8/03
AMENDED:  11/18/04

FOR THE COURT:

/s/ Vaughn R Walker

United States District Chief Judge

EXHIBIT _C_, PAGE _2_

# U.S. District Court Northern California

## ECF Registration Information Handout

The case you are participating in has been designated for this court's Electronic Case Filing (ECF) Program, pursuant to Civil Local Rule 5-4 and General Order 45. This means that you **must** (check off the boxes ☑ when done):

☐ **1) Serve** this ECF Registration Information Handout on **all** parties in the case along with the complaint, or for removals, the removal notice. DO NOT serve the efiler application form, just this handout.

Each attorney representing a party must also:

☐ **2) Register** to become an efiler by filling out the efiler application form. Follow ALL the instructions on the form carefully. If you are already registered in this district, do not register again, your registration is valid for life on all ECF cases in this district.

☐ **3) Email** (do not efile) the complaint and, for removals, the removal notice and all attachments, in PDF format within ten business days, following the instructions below. You do not need to wait for your registration to be completed to email the court.

☐ **4)** Access dockets and documents using **PACER** (Public Access to Court Electronic Records). If your firm already has a PACER account, please use that - it is not necessary to have an individual account. PACER registration is free. If you need to establish or check on an account, visit: **http://pacer.psc.uscourts.gov** or call **(800) 676-6856**.

BY SIGNING AND SUBMITTING TO THE COURT A REQUEST FOR AN ECF USER ID AND PASSWORD, YOU CONSENT TO ENTRY OF YOUR E-MAIL ADDRESS INTO THE COURT'S ELECTRONIC SERVICE REGISTRY FOR ELECTRONIC SERVICE ON YOU OF ALL E-FILED PAPERS, PURSUANT TO RULES 77 and 5(b)(2)(D) (eff. 12.1.01) OF THE FEDERAL RULES OF CIVIL PROCEDURE.

**All subsequent papers submitted by attorneys in this case shall be filed electronically. Unrepresented litigants must file and serve in paper form, unless prior leave to file electronically is obtained from the assigned judge.**

ECF registration forms, interactive tutorials and complete instructions for efiling may be found on the ECF website: **http://ecf.cand.uscourts.gov**

Version 5/14/2007

EXHIBIT __C__, PAGE _22_

**Submitting Initiating Documents**
PDF versions of all the initiating documents originally submitted to the court (Complaint or Notice of Removal, exhibits, etc.) must be **emailed (not efiled)** to the **PDF email box for the presiding judge** (not the referring judge, if there is one) **within 10 (ten) business days** of the opening of your case. For a complete list of the email addresses, please go to: **http://ecf.cand.uscourts.gov** and click on **[Judges]**.

You must include the case number and judge's initials in the subject line of all relevant emails to the court. You do not need to wait for your registration to email these documents.

These documents must be emailed instead of e-filed to prevent duplicate entries in the ECF system. All other documents must be e-filed from then on. You do not need to efile or email the Civil Cover Sheet, Summons, or any documents issued by the court at case opening; note that you do need to efile the Summons Returned.

**Converting Documents to PDF**
Conversion of a word processing document to a PDF file is required before any documents may be submitted to the Court's electronic filing system. Instructions for creating PDF files can be found at the ECF web site: **http://ecf.cand.uscourts.gov**, and click on **[FAQ]**.

**Email Guidelines:** When sending an email to the court, the subject line of the email **must** contain the **case number, judge's initials** and the **type of document(s)** you are sending, and/or the topic of the email.

**Examples:** The examples below assume your case number is 03-09999 before the Honorable Charles R. Breyer:

| Type of Document | Email Subject Line Text |
|---|---|
| Complaint Only | 03-09999 CRB Complaint |
| Complaint and Notice of Related Case | 03-09999 CRB Complaint, Related Case |
| Complaint and Motion for Temporary Restraining Order | 03-09999 CRB Complaint, TRO |

Version 5/14/2007

EXHIBIT _C_, PAGE _23_

**Questions**
Almost all questions can be answered in our **FAQs** at
**http://ecf.cand.uscourts.gov**, please check them first.

You may also email the ECF Help Desk at ECFhelpdesk@cand.uscourts.gov or
call the toll-free ECF Help Desk number at: (866) 638-7829.

The ECF Help Desk is staffed Mondays through Fridays from
9:00am to 4:00pm Pacific time, excluding court holidays.

Version 5/14/2007

EXHIBIT _C_, PAGE 24

OFFICE OF THE CLERK
# UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA

RICHARD W. WIEKING
CLERK

280 SOUTH FIRST STREET
SAN JOSE, CA. 95113
408-535-5364

# NOTICE OF ELECTRONIC AVAILABILITY
# OF CASE FILE INFORMATION

    The Office of the Clerk is now accepting many electronically filed documents and making the content of these documents available on the court's Internet website via PACER. Any subscriber to PACER will be able to read, download, store and print the full content of electronically filed documents. The Clerk's Office will not make electronically available documents that have been sealed or otherwise restricted by court order.

    In response to the increased online accessibility of court documents, the judges of the Northern District recently adopted General Order No. 53, a copy of which is attached.

    Counsel are strongly urged to share a copy of General Order No. 53 with all clients so that an informed decision about the inclusion, redaction and/or exclusion of certain materials may be made. It is the sole responsibility of counsel and the parties to be sure that all documents comply with General Order No. 53. The clerk will not review documents for redaction.

EXHIBIT ___ C ___, PAGE 25

## GENERAL ORDER NO. 53

## PRIVACY

**A. Personal Identifiers.**

In compliance with the policy of the Judicial Conference of the United States and the E-Government Act of 2002 (PL 107-347), and in order to promote electronic access to case files while also protecting personal privacy and other legitimate interests, parties must refrain from including, or must redact where inclusion is necessary, the following personal data identifiers from all pleadings and other papers filed with the Court in civil actions, including exhibits thereto, whether filed electronically or in paper, unless otherwise ordered by the Court, pursuant to B., below.

1. **Social Security numbers.** If an individual's social security number must be included in a pleading or other paper, only the last four digits of that number should be used.

2. **Names of minor children.** If the involvement of a minor child must be mentioned, only the initials of that child should be used.

3. **Dates of birth.** If an individual's date of birth must be included in a pleading or other paper, only the year should be used.

4. **Financial account numbers.** If financial account numbers are relevant, only the last four digits of these numbers should be used.

**B. Filing.**

In compliance with the E-Government Act of 2002, a party wishing to file a document containing the personal data identifiers listed above may file an unredacted document under seal by following the procedures prescribed in Civil L.R. 79-5. This document shall be retained by the Court as part of the record. The party must file a redacted copy for the public file.

**C. Responsibility.**

The responsibility for redacting these personal identifiers rests solely with counsel and the parties. The Clerk will not review each pleading or other paper for compliance with this general order.

ADOPTED BY THE COURT: May 21, 2002        FOR THE COURT:
AMENDED: April 15, 2003


/S/ Marilyn Hall Patel
Marilyn Hall Patel
Chief Judge

EXHIBIT ___ C ___, PAGE ___ 26 ___

APPENDIX A - JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

|  |  |  |
|---|---|---|
| | | CASE NO. |
| Plaintiff(s), | | |
| v. | | JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER |
| Defendant(s). | | |

The parties to the above-entitled action jointly submit this Case Management Statement and Proposed Order and request the Court to adopt it as its Case Management Order in this case.

## DESCRIPTION OF THE CASE

1. A brief description of the events underlying the action:

2. The principal factual issues which the parties dispute:

3. The principal legal issues which the parties dispute:

4. The other factual issues *[e.g. service of process, personal jurisdiction, subject matter jurisdiction or venue]* which remain unresolved for the reason stated below and how the parties propose to resolve those issues:

5. The parties which have not been served and the reasons:

6. The additional parties which the below-specified parties intend to join and the intended time frame for such joinder:

7. The following parties consent to assignment of this case to a United States Magistrate Judge for *[court or jury]* trial:

## ALTERNATIVE DISPUTE RESOLUTION

8. *[Please indicate the appropriate response(s).]*

❑ The case was automatically assigned to Nonbinding Arbitration at filing and will be ready for the hearing by *(date)*_____.

❑ The parties have filed a Stipulation and Proposed Order Selecting an ADR process *(specify process)*:_____.

❑ The parties filed a Notice of Need for ADR Phone Conference and the phone conference was held on or is scheduled for _____.

❑ The parties have not filed a Stipulation and Proposed Order Selecting an ADR process and the ADR process that the parties jointly request [or a party separately requests] is _____.

EXHIBIT C, PAGE 27

9. Please indicate any other information regarding ADR process or deadline.

## DISCLOSURES

10. The parties certify that they have made the following disclosures *[list disclosures of persons, documents, damage computations and insurance agreements]*:

## DISCOVERY

11. The parties agree to the following discovery plan *[Describe the plan e.g., any limitation on the number, duration or subject matter for various kinds of discovery; discovery from experts; deadlines for completing discovery]*:

## TRIAL SCHEDULE

12. The parties request a trial date as follows:

13. The parties expect that the trial will last for the following number of days:


Dated: _____        _____
                              [Typed name and signature of counsel.]


Dated: _____        _____
                              [Typed name and signature of counsel.]


## CASE MANAGEMENT ORDER

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order. In addition the Court orders:

*[The Court may wish to make additional orders, such as:*
*a. Referral of the parties to court or private ADR process;*
*b. Schedule a further Case Management Conference;*
*c. Schedule the time and content of supplemental disclosures;*
*d. Specially set motions;*
*e. Impose limitations on disclosure or discovery;*
*f. Set time for disclosure of identity, background and opinions of experts;*
*g. Set deadlines for completing fact and expert discovery;*
*h. Set time for parties to meet and confer regarding pretrial submissions;*
*I. Set deadline for hearing motions directed to the merits of the case;*
*j. Set deadline for submission of pretrial material;*
*k. Set date and time for pretrial conference;*
*l. Set a date and time for trial.]*


Dated: _____        _____
                              UNITED STATES DISTRICT/MAGISTRATE JUDGE

AO 398 (12/93)

# NOTICE OF LAWSUIT AND REQUEST FOR
# WAIVER OF SERVICE OF SUMMONS

TO:  (A) _____

as   (B) _____ of (C) _____

A lawsuit has been commenced against you (or the entity on whose behalf you are addressed.)
A copy of the complaint is attached to this notice. It has been filed in the United States District Court
for the (D) _____ Northern _____ District of _____ California _____

and has been assigned docket number (E) _____.

This is not a formal summons or notification from the court, but rather my request that you sign and return the
enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the
complaint. The cost of service will be avoided if I receive a signed copy of the waiver within (F) _____ days after the
date designated below as the date on which this Notice and Request is sent. I enclose a stamped and addressed envelope
(or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be
served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will
not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice
is sent (or before 90 days f rom that date if your address is not in any judicial district of the United States.)

If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service
in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask
the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that
connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set
forth at the foot of the waiver form.

I affirm that this request is being sent to you on behalf of the plaintiff, this _____ day of _____, _____.

_____<br>
Signature of Plaintiff's Attorney<br>
or Unrepresented Plaintiff

A - Name of individual defendant (or name of officer or agent of corporate defendant)
B - Title, or other relationship of individual to corporate defendant
C - Name of corporate defendant, if any
D - District
E - Docket number of action
F- Addressee must be given at least 30 days (60 days if located in foreign country) in which to return waiver

EXHIBIT __C__, PAGE 29

AO 399  (Rev. 10/95)

| | Clear Form |

# WAIVER OF SERVICE OF SUMMONS

(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, _____ , acknowledge receipt of your request

(DEFENDANT NAME)

that I waive service of summons in the action of _____ ,

(CAPTION OF ACTION)

which is case number _____ in the United States District Court

(DOCKET NUMBER)

for the Northern District of California.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an

answer or motion under Rule 12 is not served upon you within 60 days after _____ ,

(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

_____    _____
(DATE)                              (SIGNATURE)

Printed/Typed Name: _____

As _____ of _____

(TITLE)                              (CORPORATE DEFENDANT)

## Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

EXHIBIT _C_, PAGE _30_

## INSTRUCTIONS FOR COMPLETION OF ADR FORMS
## REGARDING SELECTION OF AN ADR PROCESS
## (ADR LOCAL RULE 3-5)

Under ADR Local Rule 3-5, by the date set forth in the Initial Case Management Scheduling Order, counsel (and any self-represented party) shall meet and confer to attempt to agree on an ADR process. By that date, counsel must file the attached form entitled "ADR CERTIFICATION BY PARTIES AND COUNSEL." Please note that this form need not be filed jointly by all parties. Instead, each party may file a separate ADR CERTIFICATION along with their counsel.

Additionally, counsel (and any self-represented party) must jointly file one of the following forms (attached) by the date set forth in the Initial Case Management Scheduling Order:

- If the parties have agreed to participate in non-binding arbitration, Early Neutral Evaluation ("ENE"), mediation or private ADR, they shall file the form captioned "STIPULATION AND [PROPOSED] ORDER SELECTING ADR PROCESS."

- If the parties either have not yet reached an agreement as to an ADR process or they would prefer to participate in an early settlement conference before a Magistrate Judge, they shall file the form captioned "NOTICE OF NEED FOR ADR PHONE CONFERENCE ."

Please note that parties selecting an early settlement conference with a Magistrate Judge are required to participate in an ADR Phone Conference

Rev. 12/05

EXHIBIT __C__, PAGE _31_

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

_____,

_____ Plaintiff(s),

v.

_____,

_____ Defendant(s).

_____/

CASE NO. _____

### ADR CERTIFICATION BY PARTIES AND COUNSEL

Pursuant to Civil L.R. 16-8(b) and ADR L.R. 3-5 (b), each of the undersigned certifies that he or she has:

(1) Read the handbook entitled *"Dispute Resolution Procedures in the Northern District of California"* on the Court's ADR Internet site www.adr.cand.uscourts.gov *(Limited printed copies are available from the clerk's office for parties in cases not subject to the court's Electronic Case Filing program (ECF) under General Order 45);*

(2) Discussed the available dispute resolution options provided by the Court and private entities; and

(3) Considered whether this case might benefit from any of the available dispute resolution options.

Dated:_____                     _____
                                       [Party]


Dated: _____                     _____
                                       [Counsel]


When filing this document in ECF, please be sure to use the ADR Docket Event entitled "ADR Certification (ADR L.R. 3-5b) of Discussion of ADR Options."

Rev. 12/05

EXHIBIT __C__, PAGE 32

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

_____,

                    Plaintiff(s),

            v.

_____,

                    Defendant(s).
_____/

CASE NO. _____

STIPULATION AND [PROPOSED]
ORDER SELECTING ADR PROCESS

Counsel report that they have met and conferred regarding ADR and have reached the
following stipulation pursuant to Civil L.R. 16-8 and ADR L.R. 3-5:

The parties agree to participate in the following ADR process:

**Court Processes:**

☐    Non-binding Arbitration (ADR L.R. 4)
☐    Early Neutral Evaluation (ENE)   (ADR L.R. 5)
☐    Mediation (ADR L.R. 6)

*(Note: Parties who believe that an early settlement conference with a Magistrate Judge is
appreciably more likely to meet their needs than any other form of ADR must participate in an
ADR phone conference and may not file this form.  They must instead file a Notice of Need for
ADR Phone Conference. See Civil Local Rule 16-8 and ADR L.R. 3-5)*

**Private Process:**

☐    Private ADR *(please identify process and provider)* _____

_____

The parties agree to hold the ADR session by:

☐    the presumptive deadline *(The deadline is 90 days from the date of the order
     referring the case to an ADR process unless otherwise ordered. )*


☐    other requested deadline _____

Dated:_____                        _____
                                           Attorney for Plaintiff


Dated:_____                        _____
                                           Attorney for Defendant

When filing this document in ECF, please be sure to use the appropriate ADR Docket Event,
e.g., "Stipulation and Proposed Order Selecting Early Neutral Evaluation."

EXHIBIT _C_ , PAGE 33

When filing this document in ECF, please be sure to use the appropriate ADR Docket Event, e.g., "Stipulation and Proposed Order Selecting Early Neutral Evaluation."

**[PROPOSED] ORDER**

Pursuant to the Stipulation above, the captioned matter is hereby referred to:
> Non-binding Arbitration
> Early Neutral Evaluation (ENE)
> Mediation
> Private ADR

Deadline for ADR session
> 90 days from the date of this order.
> other

IT IS SO ORDERED.

Dated:_____

_____
UNITED STATES MAGISTRATE JUDGE

EXHIBIT _C_, PAGE 34

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

_____,
                    Plaintiff(s),

                v.

_____,
                    Defendant(s).
_____/

CASE NO. _____

NOTICE OF NEED FOR ADR PHONE CONFERENCE

Counsel report that they have met and conferred regarding ADR and that they:

☐   have not yet reached an agreement to an ADR process
☐   request an Early Settlement Conference with a Magistrate Judge

Date of Case Management Conference _____

The following counsel will participate in the ADR phone conference:

| Name | Party Representing | Phone No. | E-Mail Address |
|------|--------------------|-----------|----------------|
|      |                    |           |                |
|      |                    |           |                |
|      |                    |           |                |

_Civil Local Rule 16-8 and ADR Local Rule 3-5 require that lead trial counsel participate in a telephone conference with a member of the ADR Legal Staff before the Case Management Conference. The ADR Unit (adr@cand.uscourts.gov) will notify you of the date and time of your phone conference._

Dated:_____                    _____
                                    Attorney for Plaintiff

Dated:_____                    _____
                                    Attorney for Defendant

When filing this document in ECF, please be sure to use the ADR Docket Event entitled "Notice of Need for ADR Phone Conference (ADR L.R. 3-5 d)."

Rev. 12/05

EXHIBIT C, PAGE 35



# Dispute Resolution Procedures

in the
Northern District
of California

# United States District Court



EXHIBIT _C_, PAGE 36



# Table of Contents

Why does the court offer ADR?...........................................................................2
A Message from the Judges of the U.S. District Court

How can ADR help in my case?..........................................................................4

Which ADR processes does the court offer?.......................................................6
Arbitration................................................................................................6
Early Neutral Evaluation..........................................................................9
Mediation...............................................................................................12
Settlement Conferences...........................................................................14
Other ADR Processes..............................................................................16

Which is the most suitable ADR process for my case?......................................17
Chart......................................................................................................18

What else do I need to know? ..........................................................................20
Questions and Answers regarding:
        The ADR Multi-Option Program
        Procedures and timing for referring cases to ADR
        Concerns about ADR


Where can I get more information?....................................................................24

1

EXHIBIT C, PAGE 37



# Why Does the court offer ADR?

**A Message from the Judges of the U.S. District Court**

It is the mission of this court to do everything it can to help parties resolve their disputes as fairly, quickly and efficiently as possible. The cases filed in our court present a wide range of issues and circumstances. No single process can be expected to meet the needs of all of these cases.

While traditional litigation can serve parties' interests well in some situations, many cases have needs that can be better met through other procedures. We offer a wide selection of non-binding alternative dispute resolution (ADR) options–each of which provides different kinds of services–so that parties can use the procedure that best fits the particular circumstances of their case.

As discussed in the following pages, ADR processes can offer numerous advantages over both formal litigation and direct negotiations between the parties. In contrast to formal litigation and direct negotiations, ADR procedures may lead to resolutions that are:

- faster
- less expensive
- more creative
- better tailored to all parties' underlying interests

We urge you to consider using an ADR process in any civil case, at any time. The court's professional ADR staff, which includes attorneys with expertise in ADR procedures, is available to help you select a suitable option or to customize an ADR procedure to meet your needs. Our ADR processes, which are governed by the court's ADR Local Rules, are available in every civil case.

**This handbook informs you about:**

- the benefits of ADR
- available ADR options
- selecting an appropriate ADR process
- procedures in ADR programs

EXHIBIT _C_, PAGE _38_

To help ensure that you make informed choices, the court requires, under Civil Local Rule 16, that every attorney and client certify that they have read this handbook and considered the ADR options. Reading this handbook is not a substitute for understanding the ADR Local Rules. Be sure to consult the rules when selecting and participating in an ADR process.

We have committed substantial resources to our ADR programs because we are confident that litigants who use them conscientiously can save significant money and time and will often obtain more satisfying results.


Vaughn R. Walker
Chief Judge
For all the Judges of the Court

3

EXHIBIT _C_ . PAGE _39_



# How can ADR help in my case?

Most cases can benefit in some way from ADR.  The various ADR processes offer different types of benefits.  Each ADR process offers at least some of the following advantages over traditional litigation or direct settlement negotiations.

**Produce more satisfying results**

After litigating a case through trial, even the winners may feel they have lost.  The costs and time commitment on both sides may be enormous.  Sometimes neither side is satisfied with the result–and any relationship that may have existed between the parties is likely to have been severely strained.  On the other hand, ADR may:

- help settle all or part of the dispute much sooner than trial
- permit a mutually acceptable solution that a court would not have the power to order
- save time and money
- preserve ongoing business or personal relationships
- increase satisfaction and thus result in a greater likelihood of a lasting resolution

**Allow more flexibility, control and participation**

In formal litigation, the court is limited in the procedures it must follow and the remedies it may award–and submitting a case to a judge or jury can be extremely risky.  ADR processes are more flexible and permit parties to participate more fully and in a wider range of ways.  They afford parties more control by providing opportunities to:

- tailor the procedures used to seek a resolution
- broaden the interests taken into consideration
- fashion a business-driven or other creative solution that may not be available from the court
- protect confidentiality
- eliminate the risks of litigation

**Enable a better understanding of the case**

In traditional litigation, sometimes the parties stop communicating directly–and it is only after a significant amount of time and expensive discovery or motions that the parties understand what is really in dispute.  ADR can expedite the parties' access to information.  It can also

4

EXHIBIT <u>C</u>, PAGE <u>40</u>

improve the quality of justice by helping the parties obtain a better understanding of their case early on.  It may:

- provide an opportunity for clients to communicate their views directly and informally
- help parties get to the core of the case and identify the disputed issues
- enhance the parties' understanding of the relevant law and the strengths and weaknesses of their positions
- help parties agree to exchange key information directly

**Improve case management**

Attorneys in litigation sometimes find it difficult, early in the case, to devise a cost-effective case management plan, reach stipulations or narrow the dispute.  An ADR neutral can help parties:

- streamline discovery and motions
- narrow the issues in dispute and identify areas of agreement and disagreement
- reach factual and legal stipulations

**Reduce hostility**

Due to its adversarial nature, litigation sometimes increases the level of hostility between sides, which can make communication more difficult and impede chances for settlement.  In contrast, a trained ADR neutral can:

- improve the quality and tone of communication between parties
- decrease hostility between clients and between lawyers
- reduce the risk that parties will give up on settlement efforts

**WHEN ADR MAY NOT BE USEFUL**

Although most cases can benefit in some way from ADR, some cases might be better handled without ADR.  These include suits in which:

- a party seeks to establish precedent
- a dispositive motion requiring little preparation will probably succeed
- a party needs the protections of formal litigation
- a party prefers that a judge preside over all processes

If your dispute might benefit from one or more of the listed advantages, you should seriously consider trying ADR and give careful thought to selecting the most appropriate process for your case.

EXHIBIT ____ C ___, PAGE ___ 41



# Which ADR processes does the court offer?

## The court sponsors four major ADR processes:

- ► **Arbitration** (non-binding, or binding if all parties agree)

- ► **Early Neutral Evaluation**

- ► **Mediation**

- ► **Settlement Conferences** conducted by magistrate judges or district judges

Each of these programs is described separately in the next few pages. Please consult the ADR Local Rules for more information. The court's ADR staff will help parties customize an ADR process to meet their needs.

The court also makes available other dispute resolution processes and encourages parties to consider retaining the services of private sector ADR providers as discussed on page 16 and in ADR Local Rule 8-2.

## Arbitration

### Goal
The goal of court-sponsored arbitration is to provide parties with an adjudication that is earlier, faster, less formal and less expensive than trial. The award (a proposed judgment) in a non-binding arbitration may either:

- ► become the judgment in the case if all parties accept it, or
- ► serve as a starting point for settlement discussions

### Process
At the election of the parties, either one arbitrator or a panel of three arbitrators presides at a hearing where the parties present evidence through documents, other exhibits and testimony. The application of the rules of evidence is relaxed somewhat in order to save time and money.

6

EXHIBIT ___ C ___, PAGE 42

The process includes important, trial-like sources of discipline and creates good opportunities to assess the impact and credibility of key witnesses:

▸ parties may use subpoenas to compel witnesses to attend or present documents
▸ witnesses testify under oath, through direct and cross-examination
▸ the proceedings can be transcribed and testimony could, in some circumstances, be used later at trial for impeachment

Arbitrators apply the law to the facts of the case and issue a non-binding award on the merits. Arbitrators do not "split the difference" and do not conduct mediations or settlement negotiations.

**Preservation of right to trial**

Either party may reject the non-binding award and request a trial *de novo* before the assigned judge, who will not know the content of the arbitration award. If no such demand is filed within the prescribed time, the award becomes the final judgment of the court and is not subject to appellate review. There is no penalty for demanding a trial *de novo* or for failing to obtain a judgment at trial that is more favorable than the arbitration award. Rejecting an arbitration award will not delay the trial date.

Parties may stipulate in advance to waive their right to seek a trial *de novo* and thereby commit themselves to be bound by the arbitration award.

**The neutral(s)**

The court's ADR staff appoints an arbitrator (or, at the parties' option, a panel of three arbitrators) with expertise in the substantive legal area of the lawsuit, who is available and has no apparent conflict of interest. The parties may object to the arbitrator if they perceive a conflict of interest.

All arbitrators on the court's panel have the following qualifications:

▸ admission to the practice of law for at least ten years
▸ for at least five years, spent a minimum of 50 percent of professional time litigating or had substantial experience as an ADR neutral
▸ training by the court

**Attendance**

Insurers of parties are strongly encouraged to attend the arbitration. The following individuals are required to attend:

▸ clients with knowledge of the facts
▸ the lead trial attorney for each party
▸ any witnesses compelled by subpoena

EXHIBIT _C_, PAGE _43_

**Confidentiality**

The arbitration award is not admissible at a subsequent trial *de novo*, unless the parties stipulate otherwise. The award itself is sealed upon filing and may not be disclosed to the assigned judge until the court has entered final judgment in the action or the action is otherwise terminated. Recorded communications made during the arbitration may, for limited purposes, be admissible at a trial *de novo*. See 28 U.S.C. § 657(c)(3).

**Timing**

An arbitration may be requested at any time. The hearing is generally held within 90 days after referral to arbitration. The hearing date is set by the arbitrator(s) after consultation with the parties.

**Written submissions**

The parties exchange and submit written statements to the arbitrator(s) at least 10 days before the arbitration. The statements are not filed with the court

**Appropriate cases/circumstances**

All civil cases are eligible. Cases that do not meet the criteria for permissive referral to arbitration as set forth in 28 U.S.C. § 654 may not be referred to arbitration unless all parties consent in writing. Cases with the following characteristics may be particularly appropriate for arbitration:

- only monetary (and not injunctive) relief is sought
- the complaint alleges personal injury, property damage or breach of contract
- the amount in controversy is less than $150,000
- the case turns on credibility of witnesses
- the case does not present complex or unusual legal issues

**Cost**

There is no charge to the litigants.

**Governing rule**

ADR Local Rule 4.

8

EXHIBIT *C*, PAGE 44

## Early Neutral Evaluation

**Goal**

The goals of Early Neutral Evaluation (ENE) are to:

- enhance direct communication between the parties about their claims and supporting evidence
- provide an assessment of the merits of the case by a neutral expert
- provide a "reality check" for clients and lawyers
- identify and clarify the central issues in dispute
- assist with discovery and motion planning or with an informal exchange of key information
- facilitate settlement discussions, when requested by the parties

ENE aims to position the case for early resolution by settlement, dispositive motion or trial. It may serve as a cost-effective substitute for formal discovery and pretrial motions. Although settlement is not the major goal of ENE, the process can lead to settlement.

**Process**

The evaluator, an experienced attorney with expertise in the subject matter of the case, hosts an informal meeting of clients and counsel at which the following occurs:

- each side–through counsel, clients or witnesses–presents the evidence and arguments supporting its case (without regard to the rules of evidence and without direct or cross-examination of witnesses)
- the evaluator identifies areas of agreement, clarifies and focuses the issues and encourages the parties to enter procedural and substantive stipulations
- the evaluator writes an evaluation in private that includes:
  - an estimate, where feasible, of the likelihood of liability and the dollar range of damages
  - an assessment of the relative strengths and weaknesses of each party's case
  - the reasoning that supports these assessments
- the evaluator offers to present the evaluation to the parties, who may then ask either to:
  - hear the evaluation (which must be presented if any party requests it), *or*
  - postpone hearing the evaluation to:
    - engage in settlement discussions facilitated by the evaluator, often in separate meetings with each side, *or*
    - conduct focused discovery or make additional disclosures

9

EXHIBIT *C*, PAGE 45

> ➤ if settlement discussions do not occur or do not resolve the case, the evaluator may:
>   > ➤ help the parties devise a plan for sharing additional information and/or conducting the key discovery that will expeditiously equip them to enter meaningful settlement discussions or position the case for resolution by motion or trial
>   > ➤ help the parties realistically assess litigation costs
>   > ➤ determine whether some form of follow up to the session would contribute to case development or settlement

**Preservation of right to trial**

The evaluator has no power to impose settlement and does not attempt to coerce a party to accept any proposed terms. The parties' formal discovery, disclosure and motion practice rights are fully preserved. The confidential evaluation is non-binding and is not shared with the trial judge. The parties may agree to a binding settlement. If no settlement is reached, the case remains on the litigation track.

**The neutral**

The court's ADR staff appoints an ENE evaluator with expertise in the substantive legal area of the lawsuit, who is available and has no apparent conflict of interest. The parties may object to the evaluator if they perceive a conflict of interest.

All evaluators on the court's panel have the following qualifications:

- ➤ admission to the practice of law for at least 15 years
- ➤ experience with civil litigation in federal court
- ➤ expertise in the substantive law of the case
- ➤ training by the court

Many evaluators also have received the court's mediation training.

**Attendance**

The following individuals are required to attend in person:

- ➤ clients with settlement authority and knowledge of the facts
- ➤ the lead trial attorney for each party
- ➤ insurers of parties, if their agreement would be necessary to achieve settlement

Requests to permit attendance by phone rather than in person, which will be granted only under extraordinary circumstances, may be made to the ADR Magistrate Judge. Clients are strongly encouraged to participate actively in the ENE session.

10

EXHIBIT _C_, PAGE 46

**Confidentiality**

Communications made in connection with an ENE session ordinarily may not be disclosed to the assigned judge or to anyone else not involved in the litigation, unless otherwise agreed.

**Timing**

An ENE session may be requested at any time. The time for holding the ENE session is presumptively within 90 days after the referral to ENE, unless otherwise fixed by the court. The evaluator contacts counsel to schedule an initial telephone conference to set the date, time and location of the ENE session and to discuss how to maximize the utility of ENE.

**Written submissions**

Counsel exchange and submit written statements to the evaluator at least 10 days before the ENE session. ADR Local Rule 5-9 lists special requirements for intellectual property cases. The statements are not filed with the court.

**Appropriate cases/circumstances**

All civil cases are eligible, if the court has an available evaluator with the appropriate subject matter expertise. Cases with the following characteristics may be particularly appropriate:

- counsel or the parties are far apart on their view of the law and/or value of the case
- the case involves technical or specialized subject matter-and it is important to have a neutral with expertise in that subject
- case planning assistance would be useful
- communication across party lines (about merits or procedure) could be improved
- equitable relief is sought-if parties, with the aid of a neutral expert, might agree on the terms of an injunction or consent decree

**Cost**

The evaluator volunteers preparation time and the first four hours of the ENE session. After four hours of ENE, the evaluator may (1) continue to volunteer his or her time or (2) give the parties the option of concluding the procedure or paying the evaluator for additional time at an hourly rate of $200, to be split among the parties as they determine. The procedure continues only if all parties and the evaluator agree. After eight hours in one or more ENE sessions, if all parties agree, the evaluator may charge his or her hourly rate or such other rate that the parties agree to pay.

**Governing rule**

ADR Local Rule 5.

EXHIBIT C, PAGE 47

## Mediation

### Goal

The goal of mediation is to reach a mutually satisfactory agreement resolving all or part of the dispute by carefully exploring not only the relevant evidence and law, but also the parties' underlying interests, needs and priorities.

### Process

Mediation is a flexible, non-binding, confidential process in which a neutral lawyer-mediator facilitates settlement negotiations. The informal session typically begins with presentations of each side's view of the case, through counsel or clients. The mediator, who may meet with the parties in joint and separate sessions, works to:

- improve communication across party lines
- help parties clarify and communicate their interests and those of their opponent
- probe the strengths and weaknesses of each party's legal positions
- identify areas of agreement and help generate options for a mutually agreeable resolution

The mediator generally does not give an overall evaluation of the case. Mediation can extend beyond traditional settlement discussion to broaden the range of resolution options, often by exploring litigants' needs and interests that may be independent of the legal issues in controversy.

### Preservation of right to trial

The mediator has no power to impose settlement and does not attempt to coerce a party to accept any proposed term. The parties' discovery, disclosure and motion practice rights are fully preserved. The parties may agree to a binding settlement. If no settlement is reached, the case remains on the litigation track.

### The neutral

The court's ADR staff appoints a mediator who is available and has no apparent conflicts of interest. The parties may object to the mediator if they perceive a conflict of interest. Most mediators on the court's panel are lawyers who have been admitted to practice for at least seven years. The panel also includes a few mediators who have other professional credentials. The court's ADR staff will appoint a non-lawyer mediator only after obtaining the parties' permission. All mediators on the court's panel have the following qualifications:

- experience in communication and negotiation techniques
- knowledge about civil litigation in federal court
- training by the court

EXHIBIT _C_, PAGE _48_

**Attendance**
   The following individuals are required to attend the mediation session:

   ‣   clients with settlement authority and knowledge of the facts
   ‣   the lead trial attorney for each party
   ‣   insurers of parties, if their agreement would be necessary to achieve a settlement

   Requests to permit attendance by phone rather than in person, which will be granted only
under extraordinary circumstances, may be made to the ADR Magistrate Judge. Clients are
strongly encouraged to participate actively in the mediation.

**Confidentiality**
   Communications made in connection with a mediation ordinarily may not be disclosed to
the assigned judge or to anyone else not involved in the session, unless otherwise agreed.

**Timing**
   A mediation may be requested at any time. The time for holding the mediation is
presumptively within 90 days after the referral to mediation, unless otherwise fixed by the court.
The mediator contacts counsel to schedule an initial telephone conference to set the date, time
and location of the mediation session and to discuss how to maximize the utility of mediation.

**Written submission**
   Counsel exchange and submit written statements to the mediator at least 10 days before
the mediation. The mediator may request or accept additional confidential statements that are not
shared with the other side. These statements are not filed with the court.

**Appropriate cases/circumstances**
   All civil cases are eligible. Cases with the following characteristics may be particularly
appropriate:

   ‣   the parties desire a business-driven or other creative solution
   ‣   the parties may benefit from a continuing business or personal relationship
   ‣   multiple parties are involved
   ‣   equitable relief is sought-if parties, with the aid of a neutral, might agree on the
       terms of an injunction or consent decree
   ‣   communication appears to be a major barrier to resolving or advancing the case

**Cost**
   The mediator volunteers preparation time and the first four hours of the mediation. After
four hours of mediation, the mediator may either (1) continue to volunteer his or her time or (2)
give the parties the option of concluding the procedure or paying the mediator for additional time
at an hourly rate of $200, to be split among the parties as they determine. The mediation
continues only if all parties and the mediator agree. After eight hours in one or more mediation

EXHIBIT ___C___, PAGE ___49___

sessions, if all parties agree, the mediator may charge his or her hourly rate or such other rate that the parties agree to pay.

**Governing rule**
ADR Local Rule 6.

## Settlement Conferences

**Goal**
The goal of a settlement conference is to facilitate the parties' efforts to negotiate a settlement of all or part of the dispute.

**Process**
A judicial officer, usually a magistrate judge, helps the parties negotiate. Some settlement judges also use mediation techniques to improve communication among the parties, probe barriers to settlement and assist in formulating resolutions. Settlement judges might articulate views about the merits of the case or the relative strengths and weaknesses of the parties' legal positions. Often settlement judges meet with one side at a time, and some settlement judges rely primarily on meetings with counsel.

**Preservation of right to trial**
The settlement judge has no power to impose settlement and does not attempt to coerce a party to accept any proposed terms. The parties may agree to a binding settlement. If no settlement is reached, the case remains on the litigation track. The parties' formal discovery, disclosure and motion practice rights are fully preserved.

**The neutral**
A magistrate judge or, in limited circumstances, a district judge conducts the settlement conference. The judge who would preside at trial does not conduct the settlement conference unless the parties stipulate in writing and the judge agrees. Parties may request a specific magistrate judge or rank several magistrate judges in order or preference. The court will attempt to accommodate such preferences.

Magistrate judges have standing orders setting forth their requirements for settlement conferences, including written statements and attendance. Questions about these issues should be directed to the chambers of the assigned magistrate judge.

**Attendance**
Settlement judges' standing orders generally require the personal attendance of lead counsel and the parties. This requirement is waived only when it poses a substantial hardship, in which case the absent party is required to be available by telephone. Persons who attend the settlement conference are required to be thoroughly familiar with the case and to have authority to negotiate a settlement.


EXHIBIT ___C___, PAGE 50

**Confidentiality**
　　　Communications made in connection with a settlement conference ordinarily may not be disclosed to the assigned judge or to anyone else not involved in the litigation, unless otherwise agreed.

**Timing**
　　　The assigned judge may refer a case to a magistrate judge for a settlement conference at any time. The timing of the settlement conference depends on the schedule of the assigned magistrate judge.

**Written submissions**
　　　Written settlement conference statements, when required, are submitted directly to the settlement judge. The statements are not filed with the court.

**Appropriate cases/circumstances**
　　　All civil cases are eligible. Cases with the following characteristics may be particularly appropriate:

> ▸ a client or attorney prefers to appear before a judicial officer
> ▸ issues of procedural law are especially important
> ▸ a party is not represented by counsel

**Cost**
　　　There is no charge to the litigants.

**Governing rule**
　　　ADR Local Rule 7.

## Other ADR Processes

**Customized ADR Processes**
　　　The court's ADR staff will work with parties to customize an ADR process to meet the needs of their case or to design an ADR process for them. An ADR staff member is available for a telephone conference with all counsel to discuss ADR options. Clients are invited to join such conferences.

**Non-binding Summary Bench or Jury Trial**
　　　The ADR staff can help parties structure a non-binding summary bench or jury trial under

EXHIBIT _C_, PAGE _51_

ADR Local Rule 8-1(a). A summary bench or jury trial is a flexible, non-binding process designed to:

- promote settlement in complex, trial-ready cases headed for long trials
- provide an advisory verdict after an abbreviated presentation of evidence
- offer litigants a chance to ask questions and hear the reactions of the judge and/or jury
- trigger settlement negotiations based on the judge's or jury's non-binding verdict and reactions

## Special Masters
The assigned judge may appoint a special master, whose fee is paid by the parties, to serve a wide variety of functions, including:

- discovery manager
- fact-finder
- host of settlement negotiations
- post-judgment administrator or monitor

## Private ADR Providers
The court encourages parties to consider private sector ADR providers who offer services including arbitration, mediation, fact-finding, neutral evaluation and private judging. Private providers may be lawyers, law professors, retired judges or other professionals with expertise in dispute resolution techniques. They generally charge a fee.

16

EXHIBIT C, PAGE 52



# Which is the most suitable ADR process for my case?

Each ADR process meets different needs and circumstances. When selecting an ADR process, you should carefully consider the needs of your particular case or situation and identify the goals you hope to achieve through ADR. Then select the ADR process that appears to maximize the potential for achieving your goals.

The chart on the next page may help you select an ADR process. The chart summarizes the court's general observations about the major benefits of ADR and the extent to which the court's four major ADR processes are likely to accomplish them. These are generalizations that the court believes are accurate in many, but not all, cases. The likelihood that a particular ADR process will deliver a benefit depends not only on the type of process, but on numerous other factors including: the style of the neutral; the type and procedural posture of the case; and the parties' and counsel's attitudes and personalities, level of preparation, and experience with the particular ADR process. The court's ADR staff is available to help you select or customize an ADR process to meet your needs.

**What if I don't have a lawyer?**

If you are not represented by a lawyer, the court suggests that you select the option of a magistrate judge settlement conference where your questions and concerns can be addressed directly by a judge who has experience working with unrepresented parties. Volunteer mediators, evaluators, and arbitrators, who take only a few cases each year, sometimes feel uncomfortable working with unrepresented parties, making it more difficult to place your case in these programs and potentially slowing down the process. If you do select mediation, ENE or non-binding arbitration and we are unable to find a suitable neutral, your case will be redirected to a settlement conference with a magistrate judge.

17

EXHIBIT C, PAGE 53

# How likely is each ADR Process to deliver the specific benefit?

● = Very likely    ◗ = Somewhat likely    ○ = Unlikely

| | Arbitration | ENE | Mediation | SS |
|---|:---:|:---:|:---:|:---:|
| **ENHANCE PARTY SATISFACTION** | | | | |
| Help settle all or part of dispute | ○[1] | ◗[2] | ● | ●[3] |
| Permit creative/business driven solution that court could not offer | ○ | ◗[2] | ● | ◗[3] |
| Preserve personal or business relationships | ○[1] | ◗[2] | ● | ◗[3] |
| Increase satisfaction and thus improve chance of lasting solution | ○[1] | ◗[2] | ● | ◗[3] |
| **ALLOW FLEXIBILITY, CONTROL AND PARTICIPATION** | | | | |
| Broaden the interests taken into consideration | N/A | ◗[2] | ● | ◗[3] |
| Protect confidentiality | ◗[4] | ● | ● | ● |
| Provide trial-like hearing | ● | N/A | N/A | N/A |
| Provide opportunity to appear before judicial officer | N/A | N/A | N/A | ● |
| **IMPROVE CASE MANAGEMENT** | | | | |
| Help parties agree on further conduct of the case | N/A | ● | ◗[5] | ◗[3] |
| Streamline discovery and motions | N/A | ● | ◗ | ◗[3] |
| Narrow issues and identify areas of agreement | N/A | ● | ●[5] | ● |
| Reach stipulations | N/A | ● | ◗[5] | ● |
| **IMPROVE UNDERSTANDING OF CASE** | | | | |
| Help get to core of case and sort out issues in dispute | ◗ | ● | ● | ● |
| Provide neutral evaluation of case | ● | ● | ○ | ◗[3] |
| Provide expert in subject matter | ◗[6] | ● | ◗[6] | ◗[6] |
| Help parties see strengths and weaknesses of positions | ● | ● | ● | ● |
| Permit direct and informal communication of clients' views | ○ | ◗ | ● | ○[3] |
| Provide opportunity to assess witness credibility and performance | ● | ◗[7] | ◗[7] | ○ |
| Help parties agree to an informal exchange of key information | ○ | ● | ◗[5] | ◗[3] |
| **REDUCE HOSTILITY** | | | | |
| Improve communications between parties/attorneys | ○[1] | ● | ● | ◗[3] |
| Decrease hostility | ○ | ● | ● | ◗[3] |

18

EXHIBIT C, PAGE 54

**Notes**

1. Arbitration may provide this benefit when the award triggers or contributes to settlement discussions.

2. ENE may provide this benefit when the parties use it for settlement discussions. Many of the court's ENE evaluators also have been trained as mediators.

3. Depending on the settlement judge's particular style, a settlement conference may or may not deliver this benefit.

4. The arbitration award may not be disclosed to the assigned trial judge until the action is terminated. Although the award is not admissible at a trial *de novo*, recorded communications made during the arbitration may be admissible for limited purposes.

5. Mediation may deliver this benefit, but it focuses primarily on settlement.

6. Depending on the subject of the dispute, the neutral may have expertise.

7. This benefit may result if the parties participate actively in the joint session.

19


EXHIBIT C, PAGE 55



# What else do I need to know?

## What is the ADR Multi-Option Program?

Most civil cases are assigned to the ADR Multi-Option program governed by ADR Local Rule 3. You will be notified of such assignment on the initial case management scheduling order. In this program, the parties are presumptively required to participate in one non-binding ADR process offered by the court or, with the assigned judge's permission, in an ADR process offered by a private provider.

We encourage you to discuss ADR with the other side and stipulate to an ADR process as early as feasible. If you do not stipulate early, you may be required to participate in a joint telephone conference with an ADR legal staff member to consider suitable ADR options for your case. *See* ADR Local Rule 3-5(c)(2). If you have not stipulated before your case management conference, you will discuss ADR with the judge who may refer you to one of the court's ADR processes.

## What is an ADR Phone Conference and how do I schedule one?

During an ADR Phone Conference, a member of the court's ADR legal staff will help counsel select or customize an ADR process that meets the needs of the parties. Clients are encouraged, but not required, to participate. Generally, if the parties cannot agree on an ADR process, or if they prefer a settlement conference, they must file a Notice of Need for ADR Phone Conference by the date specified in the initial case management scheduling order. *See* ADR Local 3-5(c)(2). Of course, you may contact the ADR Unit to schedule an ADR Phone Conference at any time.

## How do I get my case into an ADR process?

There are two ways cases can enter an ADR process:

**By stipulation/proposed order**
Counsel may file a stipulation and proposed order with the assigned judge. *See* ADR Local Rule 2-3.

20

EXHIBIT _C_, PAGE _56_

**By other order of the court**
    The assigned judge may order the case into an ADR program at the request of a party or on the judge's own initiative, subject to the provisions of 28 U.S.C. § 654. *See* ADR Local Rule 2-3.

## When can I get my case into an ADR process?

**At any time**
    Counsel, individually or jointly, can request an ADR referral at any time. The court encourages the use of ADR as early as it can be helpful.

**Before the Case Management Conference**
    If all parties agree on an ADR process before the initial Case Management Conference, which usually occurs about 90 days after filing, you should submit a stipulation and proposed order identifying the process selected and the time frame you prefer.

**At the Case Management Conference**
    If all parties have not yet agreed on an ADR process before the initial case management conference, you will discuss ADR with the judge at the conference. You are asked to state your ADR preferences in the Joint Case Management Statement you file before that conference.

## When is the best time to use ADR and how much discovery should I first complete?

    You should consider using ADR early, whether you are seeking assistance with settlement or case management. Conducting full-blown discovery before an ADR session may negate potential cost savings. If you are using ADR for settlement purposes, you should know enough about your case to assess its value and identify its major strengths and weaknesses.

## Will ADR affect the status of my case on the trial track or disclosure and discovery?

    Assignment to an ADR process generally does not affect the status of your case in litigation. Disclosure, discovery and motions are not stayed during ADR proceedings unless the court orders otherwise. Judges sometimes postpone case management or status conferences until after the parties have had an ADR session. If your case does not settle through ADR, it remains on the litigation track.


EXHIBIT ___C___, PAGE 57

## How might ADR be better than the parties meeting on their own?

**Getting settlement discussions started**
Sometimes advocates are reluctant to initiate settlement discussions. The availability of multiple ADR options and the ADR staff allows a party to explore settlement potential without indicating any litigation weakness.

**Saving time and money**
For various reasons, direct settlement discussions often do not occur until late in the lawsuit after much time and money have been spent. A substantial amount of time and money can be saved if parties actively explore settlement early in the pretrial period. An ADR process can provide a safe and early opportunity to discuss settlement.

**Providing momentum and a "back up"**
Often parties successfully negotiate an early resolution to their dispute on their own. Even if you are negotiating a settlement without the assistance of a neutral, you should still consider having your case referred to an ADR process to use as a "back·up" in the event the case does not settle. Meanwhile, knowing that you have a date for the ADR process may help provide momentum and a "deadline" for your direct settlement discussions.

**Overcoming obstacles to settlement**
The adversarial nature of litigation often makes it difficult for counsel and parties to negotiate a settlement effectively. An ADR neutral can help overcome barriers to settlement by selectively using information from each side to:

- help parties engage in productive dialogue
- help each party understand the other side's views and interests
- communicate views or proposals in more palatable terms
- gauge the receptiveness to proposals
- help parties realistically assess their alternatives to settlement
- help generate creative solutions

**Improving case management**
Discovery can be broad and expensive, and sometimes fails to focus on the most important issues in the case. An early meeting with a neutral such as an ENE evaluator may help parties agree to a focused, cost-effective discovery plan or may help them agree to exchange information informally.

## Won't I risk giving away my trial strategy in ADR?

About 98 percent of civil cases in our court are resolved without a trial. If you don't raise your best arguments in settlement discussions, you risk failing to achieve the best result for your

EXHIBIT _C_, PAGE _58_

side.  Although you need not reveal in an ADR session sensitive information related to trial strategy, you might find it useful to raise it in a confidential separate session with the neutral (available after the evaluator prepares the evaluation in ENE, or at any time in mediation or a settlement conference).  You can then hear the neutral's views of the significance of the information and whether or when sharing it with the other side may benefit you in the negotiations.

23

EXHIBIT _C_, PAGE _59_



# Where can I get more information?

### Website

Our website at www.adr.cand.uscourts.gov contains information about the court's ADR Programs, including the contents of this ADR handbook, the ADR Local Rules, ADR Forms and an application to serve as a neutral.

### Clerk's Office

You may obtain copies of this handbook and the ADR Local Rules from the intake counter at each of the Clerk's Office locations. The phone numbers for the Clerk's Office locations in San Francisco, Oakland and San Jose are as follows:

- San Francisco:     (415) 522-2000
- Oakland:           (510) 637-3530
- San Jose:          (408) 535-5363

### Court Library

The court's library on the 18th floor of the Federal Building and United States Courthouse in San Francisco is open to counsel and clients who have cases pending before the court. The library has a collection of resources on ADR. The collection includes an "ENE Handbook," which was prepared by the court for evaluators, but which might be helpful to counsel and clients with cases in ENE. The library's telephone number is (415) 436-8130.

### ADR Unit

For information about selecting an ADR process or customizing one for your case, conflicts of interest, becoming a neutral or for other information, contact:

ADR Unit - U.S. District Court
450 Golden Gate Avenue
San Francisco, CA 94102
Tel: (415) 522-2199
Fax: (415)522-4112
E-mail: ADR@cand.uscourts.gov
Internet: www.adr.cand.uscourts.gov

24

EXHIBIT _C_, PAGE _60_