Simon Manoucherian (Bar No. 198760)
SManoucherian@mmhllp.com
Frederic Esrailian (Bar No. 232799)
FEsrailian@mmhllp.com
MESERVE, MUMPER & HUGHES LLP
300 South Grand Avenue, 24th Floor
Los Angeles, California 90071-3185
Telephone: (213) 620-0300
Facsimile: (213) 625-1930

Attorneys for Defendants
HM LIFE INSURANCE COMPANY, successor-in-interest to GROUPAMERICA INSURANCE COMPANY; COMPUWARE CORPORATION EMPLOYEE BENEFITS PLAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRENE DEMEE,<br><br>    Plaintiffs,<br><br>v.<br><br>GROUPAMERICA INSURANCE COMPANY, COMPUWARE CORPORATION EMPLOYEE BENEFITS PLAN and DOES 1-50, inclusive,<br><br>    Defendants. | Case No. C 07-03387 JSW<br><br>COMPUWARE CORPORATION EMPLOYEE BENEFITS PLAN'S ANSWER TO COMPLAINT<br><br><br>Complaint Filed: April 12, 2007 |

Defendant COMPUWARE CORPORATION EMPLOYEE BENEFITS PLAN (the "Plan") hereby answers the Complaint filed by Plaintiff IREME DEMEE ("Plaintiff") and admits, denies, alleges, and pleads as follows:

**PRELIMINARY ALLEGATIONS**

1. Answering paragraph 1 of the Complaint, the Plan alleges that this case is subject to and governed by the Employee Retirement Income Security Act of

1974, 29 U.S.C. Section 1001, et seq. ("ERISA"). The Plan is informed and believes, and based thereon alleges that HM LIFE INSURANCE COMPANY, successor-in-interest to GroupAmerica Insurance Company, is authorized to transact and is transacting the business of insurance in the State of California. The Plan further alleges that it is an employee welfare benefit plan within the meaning of ERISA. The Plan further alleges that the Plan documents speak for themselves and are the best evidence of the terms, conditions, and obligations of the parties, if any, under the Plan. Except as otherwise expressly alleged, the Plan denies, generally and specifically, each, every, and all of the remaining allegations contained in said paragraph.

2. Answering paragraph 2 of the Complaint, the Plan is informed and believes and based thereon alleges that Alphonse Demee ("decedent") was employed by Compuware Corporation and a participant under the Plan. The Plan further alleges that the Plan documents speak for themselves and are the best evidence of the terms, conditions, and obligations of the parties, if any, under the Plan. Except as otherwise expressly alleged, the Plan denies, generally and specifically, each, every, and all of the allegations contained in said paragraph.

3. Answering Paragraph 3 of the Complaint, the Plan alleges that the Plan documents and the administrative record documenting the claim speak for themselves and are the best evidence of the terms, conditions, and obligations of the parties, if any, under the Plan. The remainder of the allegations are legal averments to which a response is not required. Except as otherwise expressly alleged, the Plan denies, generally and specifically, each, every, and all of the remaining allegations contained in said paragraph.

4. Answering Paragraph 4 of the Complaint, the Plan alleges that the Plan documents and the administrative record documenting the claim speak for themselves and are the best evidence of the terms, conditions, and obligations of the parties, if any, under the Plan. The remainder of the allegations are legal averments

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

86713.1

2

DEFENDANT'S ANSWER TO COMPLAINT

to which a response is not required. Except as otherwise expressly alleged, the Plan denies, generally and specifically, each, every, and all of the remaining allegations contained in said paragraph.

5. Answering paragraph 5 of the Complaint, the Plan denies, generally and specifically, each, every, and all of the allegations contained in this paragraph and its subparts.

6. Answering paragraph 6 of the Complaint, the Plan is informed and believes and based thereon alleges that Alphonse Demee died. Except as otherwise expressly alleged, the Plan denies, generally and specifically, each, every, and all of the allegations contained in this paragraph and its subparts.

7. Answering paragraph 7 of the Complaint, the Plan denies, generally and specifically, each, every, and all of the allegations contained in this paragraph and its subparts.

8. Answering paragraph 8 of the Complaint, the Plan denies, generally and specifically, each, every, and all of the allegations contained in this paragraph and its subparts.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

9. The Plan alleges that the Complaint, and each purported claim for relief alleged therein, fails to state facts sufficient to constitute a claim for relief against the Plan.

### SECOND AFFIRMATIVE DEFENSE

10. The Plan alleges that any and all of the actions taken by any officer, employee, and/or agent of the Plan were good faith assertions of the rights of the Plan and were therefore privileged and/or justified.

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

86713.1

3

DEFENDANT'S ANSWER TO COMPLAINT

### THIRD AFFIRMATIVE DEFENSE

11. The Plan alleges that if Plaintiff has sustained any damages as alleged in the Complaint, which the Plan denies, she failed to mitigate said damages.

### FOURTH AFFIRMATIVE DEFENSE

12. The Plan is informed and believes, and on that basis alleges that Plaintiff and/or decedent have waived or released any and all claims that either may have or has had to the relief, if any, referred to in the Complaint.

### FIFTH AFFIRMATIVE DEFENSE

13. The Plan alleges that Plaintiff is estopped from alleging that the Plan caused or contributed to the damages, if any, referred to in the Complaint.

### SIXTH AFFIRMATIVE DEFENSE

14. The Plan alleges that Plaintiff is not entitled to benefits and/or damages under the terms and conditions of the Plan and/or Policy at issue in this Complaint.

### SEVENTH AFFIRMATIVE DEFENSE

15. The Plan alleges that Plaintiff is barred from any recovery on the Complaint and each of the purported causes of action alleged therein on the grounds that Plaintiff has failed to follow the procedures outlined in the Plan and/or Policy, including failing to exhaust her administrative remedies.

### EIGHTH AFFIRMATIVE DEFENSE

16. The Plan alleges that Plaintiff has not supplied the Plan with sufficient facts, proof or documentation that would support the payment to Plaintiff of any benefits under the terms and conditions of the Plan and/or Policy.

### NINTH AFFIRMATIVE DEFENSE

17. The Plan is informed and believes and based thereon alleges that at the time and place of the incidents alleged in Plaintiff's Complaint, Plaintiff and/or decedent knew of the danger and risk incident to the undertaking, but despite such knowledge, freely and voluntarily assumed and exposed themselves to all risk of harm and the consequential injuries and damages, if any, therefrom.

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

86713.1

4

DEFENDANT'S ANSWER TO COMPLAINT

### TENTH AFFIRMATIVE DEFENSE

18. The Plan is informed and believes, and on that basis alleges that its purported obligations, if any, as alleged in the Complaint were fully performed.

### ELEVENTH AFFIRMATIVE DEFENSE

19. The Plan is informed and believes, and on that basis alleges, that if the Plan failed to perform any obligations owing to the Plaintiff or decedent, which the Plan categorically denies, such performance was prevented or made impossible as a result of the acts or omissions of Plaintiff and/or others.

### TWELFTH AFFIRMATIVE DEFENSE

20. The Plan alleges that Plaintiff and/or decedent failed to comply with one or more conditions precedent to obtaining coverage and/or continued eligibility under the Plan and/or Policy.

### THIRTEENTH AFFIRMATIVE DEFENSE

21. The Plan alleges that Plaintiff failed to state any facts that would entitle her to recover any damages (including attorneys' fees and costs) against the Plan.

### FOURTEENTH AFFIRMATIVE DEFENSE

22. The Plan alleges that the Plan is an employee welfare benefit plan subject to and governed by ERISA and that Plaintiff's remedies for any alleged acts or omissions of the Plan are limited solely to those afforded by ERISA.

### FIFTEENTH AFFIRMATIVE DEFENSE

23. The Plan is informed and believes and based thereon alleges that Plaintiff is barred from any recovery on her Complaint and each of the purported claims for relief alleged therein under the doctrine of laches.

### SIXTEENTH AFFIRMATIVE DEFENSE

24. The Plan alleges that the Complaint, and each purported claim for relief contained therein, fails to state any facts that would entitle Plaintiff to recover benefits under ERISA against the Plan.

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

86713.1

5

DEFENDANT'S ANSWER TO COMPLAINT

### SEVENTEENTH AFFIRMATIVE DEFENSE

25. The Plan is informed and believes and based thereon alleges that, without conceding that Plaintiff has sustained any damages as alleged in the Complaint, if any such damages were sustained by Plaintiff, they were caused and contributed to by the actions and/or negligence of Plaintiff, decedent and/or their agents or representatives, and that the award of damages, if any, should be reduced by the proportionate percentage of the wrong attributable to Plaintiff, decedent and/or their agents or representatives.

### EIGHTEENTH AFFIRMATIVE DEFENSE

26. The Plan alleges that, without conceding that Plaintiff has sustained any damages as alleged in the Complaint, if any such damages were sustained by Plaintiff, they were caused by persons or entities other than the Plan and at all times these other persons or entities were acting without the consent, authorization, knowledge or ratification of the Plan with regard to any and all of the acts alleged in the Complaint, and the award of damages, if any, should be reduced by the proportionate percentage of the wrong attributable to those persons or entities.

### NINTEENTH AFFIRMATIVE DEFENSE

27. The Plan alleges that no acts or omissions by the Plan constitute the proximate or legal cause of any of Plaintiff's alleged damages. Therefore, Plaintiff has no valid claim against the Plan.

### TWENTIETH AFFIRMATIVE DEFENSE

28. The Plan is informed and believes and based thereon alleges that the claims for relief alleged in Plaintiff's Complaint are barred by reason of the fact that Plaintiff and/or decedent, upon being fully informed of the acts and events of which Plaintiff now complains, ratified and affirmed all conduct with respect to those acts and events, and therefore Plaintiff and/or decedent have waived any claims and Plaintiff is estopped from asserting the same against the Plan.

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

86713.1

6

DEFENDANT'S ANSWER TO COMPLAINT

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

29.  The Plan is informed and believes and based thereon alleges that Plaintiff and/or decedent breached the agreement(s) upon which Plaintiff sues and failed to properly and adequately perform the required obligations thereunder, all of which prevent Plaintiff from recovering any damages pursuant to said agreement(s).

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

30.  The Plan alleges that each and every act and/or statement of the Plan and/or its agents, representatives, or employees with reference to the matters at issue were made pursuant to and consistent with applicable law.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

31.  The Plan is informed and believes and based thereon alleges that Plaintiff's Complaint, and each of the purported claims for relief alleged therein, are barred by the applicable statute of limitations, including but not limited to California Code of Civil Procedure Sections 335.1, 337, 338, 339, 340 and 343 and California Business and Professions Code Section 17208.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

32.  The Plan presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, yet unstated affirmative defenses. The Plan reserves the right to assert additional affirmative defenses in the event discovery or further investigation indicates that asserting additional affirmative defenses would be warranted.

**PRAYER**

WHEREFORE, the Plan prays for judgment in its favor and against Plaintiff as follows:

1.  An order dismissing the Complaint, with prejudice, as to all defendants and with respect to all claims for relief;

2.  An order declaring that Plaintiff should take nothing by her Complaint;

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

86713.1

7

DEFENDANT'S ANSWER TO COMPLAINT

1    3.   An order declaring that no benefits or damages are payable to Plaintiff
2 under the Plan;
3    4.   For judgment against Plaintiff and in favor of the Plan;
4    5.   That the Plan recover its costs of suit incurred herein, including
5 reasonable attorneys' fees; and
6    6.   For such other and further relief as this Court deems just and proper.

8 Dated: July 30, 2007

MESERVE, MUMPER & HUGHES LLP
Simon Manoucherian
Frederic Esrailian

By: _____
Frederic Esrailian
Attorneys for Defendant
COMPUWARE CORPORATION
EMPLOYEE BENEFITS PLAN

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

86713.1

8

DEFENDANT'S ANSWER TO
COMPLAINT