1  Simon Manoucherian (Bar No. 198760)
   SManoucherian@mmhllp.com
2  Frederic Esrailian (Bar No. 232799)
   FEsrailian@mmhllp.com
3  MESERVE, MUMPER & HUGHES LLP
   300 South Grand Avenue, 24th Floor
4  Los Angeles, California 90071-3185
   Telephone: (213) 620-0300
5  Facsimile: (213) 625-1930

6  Attorneys for Defendants
   HM LIFE INSURANCE COMPANY, successor-
7  in-interest to GROUPAMERICA INSURANCE
   COMPANY; and COMPUWARE
8  CORPORATION EMPLOYEE BENEFITS PLAN

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11

12
   IRENE DEMEE,                        )   Case No. C 07-03387 JSW
13                                     )
            Plaintiff,                 )   JOINT CASE MANAGEMENT
14                                     )   STATEMENT
         v.                            )
15                                     )   [F.R.C.P. 16 and 26]
   GROUPAMERICA INSURANCE             )
16 COMPANY, COMPUWARE                  )
   CORPORATION EMPLOYEE                )   Date:  September 14, 2007
17 BENEFITS PLAN and DOES 1-50,        )   Time:  1:30 p.m.
   inclusive ,                         )   Ctrm:  2
18                                     )
            Defendants.                )   Complaint Filed:  April 12, 2007
19 _____)

20         Pursuant to Federal Rules of Civil Procedure, Rules 16 and 26(f), this Court's

21 Order, and the Local Rules of this Court, Plaintiff IREME DEMEE (hereinafter

22 "Plaintiff") and Defendant HM LIFE INSURANCE COMPANY, successor-in-

23 interest to GROUPAMERICA INSURANCE COMPANY ("HM Life") (Plaintiff

24 and HM Life are hereinafter sometimes collectively referred to as "the parties"), by

25 and through their respective counsel of record, hereby jointly submit this Case

26 Management Statement and request the Court to adopt it as its Case Management

27 Order.

28

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

87627.1                          1                    JOINT CASE MANAGEMENT
                                                      CONFERENCE STATEMENT

**1.    Jurisdiction and Service.**

This action was removed to this Court based upon federal question jurisdiction pursuant to 28 U.S.C. Sections 1331 and 1441(b). Plaintiff's suit is one to recover damages stemming from the allegedly improper denial of a claim for life insurance benefits under a benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. Sections 1001, et seq. The suit is one of a civil nature over which the United States District Court has original jurisdiction.

There are no issues at this time concerning personal jurisdiction or venue, and all parties have been served.

On or about August 14, 2007, pursuant to the stipulation of the parties, this Court ordered the dismissal of defendant Compuware Corporation Employee Benefits Plan ("Plan"), without prejudice.

**2.    Facts (Chronology and Principal Issues in Dispute).**

    a.    **Summary-Chronology**

GroupAmerica Insurance Company, now HM Life, issued a life insurance policy ("Life Policy") as part of the Plan, insuring Alphonse Demee as a Compuware Corporation employee, entitling his designated beneficiary to life benefits in accordance with the terms and conditions of the Life Policy. Alphonse Demee ("decedent") named his mother, the Plaintiff, as the beneficiary under the Life Policy.

Decedent passed away on or about April 21, 2006. Plaintiff contends that she has demanded from HM Life and is entitled to receive benefits pursuant to the Life Policy. HM Life contends that Plaintiff has failed to demand payment of benefits or otherwise exhaust her administrative remedies, as required by the Plan, the Life Policy, and ERISA. Additionally, HM Life contends that Plaintiff is not eligible to receive benefits under the Life Policy for the reasons outlined in its Answer to the

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

87627.1                            2                            JOINT CASE MANAGEMENT
                                                              CONFERENCE STATEMENT

1   Complaint, including the fact that decedent waived and released his rights under the

2   policy at issue on or about July 20, 2001. HM Life disputes all facts and all

3   allegations of wrongdoing, as more fully described in its Answer to Plaintiff's

4   Complaint.

5           b.   **Factual Issues**

6        In view of HM Life's General Denial (Answer) filed in response to Plaintiff's

7   Complaint, essentially all factual issues are in dispute. The principal issue is

8   whether Plaintiff is entitled to benefits pursuant to the terms of the Life Policy. As

9   this is an ERISA matter, the Court will have to determine, based on the evidence in

10   the administrative record, whether HM Life abused its discretion in denying

11   Plaintiff's claim for benefits.

12        However, HM Life contends that Plaintiff has failed to file a claim for

13   benefits, or otherwise exhaust her administrative remedies as required by the Plan,

14   the Life Policy, and ERISA.

15

16   **3.   Legal Issues.**

17        This action is governed by the Employee Retirement Income Security Act of

18   1974 ("ERISA"), 29 U.S.C. Sections 1001, et seq. The principal legal issues are:

19           a.     Whether the standard of review is abuse of discretion or de novo;

20           b.     Whether Plaintiff has filed a claim for benefits, or otherwise exhausted

21   her administrative remedies as required by the Plan, the Life Policy, and ERISA

22           c.     Whether the plan administrator abused its discretion in determining

23   Plaintiff's claim for benefits/Whether Plaintiff is entitled to benefits pursuant to the

24   terms and conditions of the Life Policy.

25

26   **4.   Motions.**

27        There are no prior or pending motions.

28

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

87627.1

3

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT

1    HM Life anticipates filing a motion for summary judgment, as it contends that

2    Plaintiff has failed to file a claim for benefits, or otherwise exhaust her

3    administrative remedies as required by the Plan, the Life Policy, and ERISA.

4    The parties anticipate filing cross-motions to determine the standard of

5    review.

6

7    **5.    Amendment of Pleadings.**

8    The parties do not anticipate the joinder of any additional parties or claims to

9    this action, nor do they anticipate amending the pleadings.  The parties recommend

10    the deadline for amending the pleadings be set for **October 15, 2007**.

11

12    **6.    Evidence Preservation.**

13    Evidence in this ERISA matter is limited to the administrative record, which

14    will be produced in its entirety (with the exception of any privileged documents) to

15    Plaintiff on or before **October 1, 2007**.  Plaintiff reserves the right to supplement the

16    Administrative record and offer additional evidence.

17

18    **7.    Disclosures.**

19    The administrative record will be produced in its entirety (with the exception

20    of any privileged documents) to Plaintiff on or before **October 1, 2007**.

21

22    **8.    Discovery.**

23    This matter is governed by the Employee Retirement Income Security Act of

24    1974, 29 U.S.C. § 1001, *et seq.* ("ERISA").

25    **a.    Non-Expert Discovery.**

26    With certain limited exceptions, ERISA provides that the reviewing court

27    may only consider the evidence that was before the plan or claim administrator at

28    the time the decision to deny/terminate benefits was made or affirmed.  Kearney v.

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

87627.1                                    4                    JOINT CASE MANAGEMENT
                                                                CONFERENCE STATEMENT

1 | <u>Standard Ins. Co.</u>, 175 F.3d 1084, 1094-95 (9th Cir. 1999) (en banc); <u>see</u> <u>also</u>,

2 | <u>Mongeluzo v. Baxter Travenol Long Term Disability Benefit Plan</u>, 46 F.3d 938,

3 | 943-44 (9th Cir. 1995).

4 |      However, Plaintiff asserts that supplementation of the record may be

5 | permitted to enable Plaintiff's attempt to demonstrate the existence of a conflict

6 | sufficient to alter the standard of review to a de novo review and for other purposes.

7 | <u>Tremain v. Bell Industries</u>, 196 F. 3d 970 (9th Cir. 1999). Plaintiff contends that

8 | even if additional plan documents support an abuse of discretion standard, Plaintiff

9 | is entitled to discovery regarding a conflict of interest that may have existed during

10 | Defendant's handling of the claim.

11 |      HM Life contends that until such a judicial determination is made, the

12 | presumption is that the plan or claim administrator had discretion in evaluating

13 | Plaintiff's claim. HM Life disputes that discovery is allowed in an ERISA matter.

14 |      HM Life will produce the administrative record. Upon review of Defendant's

15 | production, Plaintiff will determine whether she believes that discovery is

16 | necessitated to complete the record and to ensure that all relevant plan documents

17 | are contained in the record.

18 |      HM Life objects to any discovery in this case and asserts that there is no

19 | conflict of interest that affected the claims decision (in fact, HM Life contends that

20 | no claim was made by Plaintiff and therefore, she has failed to exhaust her

21 | administrative remedies). It is HM Life's position that the Court should decide this

22 | case solely on the record that was before the claim administrator when it made its

23 | decision. <u>Kearney</u>, 175 F.3d at 1094-95; <u>Mongeluzo</u>, 46 F.3d at 943-44.

24 |      The parties propose a cut-off date of **December 14, 2007** for discovery and

25 | the hearing discovery related motions.

26 |      **b.**    **Expert Discovery.**

27 |      Plaintiff does not anticipate utilizing expert witnesses at trial. HM Life

28 | objects to any such "expert evidence" in this case. It is HM Life's position that the

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

87627.1

5

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT

1  Court should decide this case solely on the record that was before the claim

2  administrator when it made its decision.  <u>Kearney</u>, 175 F.3d at 1094-95; <u>Mongeluzo</u>,

3  46 F.3d at 943-44.

4

5  **9.     Class Actions.**

6         Not Applicable.

7

8  **10.    Related Cases.**

9         None.

10

11 **11.    Relief.**

12        Plaintiff seeks at least $154,000 in benefits (the face amount of the Life

13 Policy), interest, costs, and attorneys' fees.

14        HM Life alleges that if any relief is awarded, it must be limited to relief

15 allowed under ERISA.  If attorneys' fees are awarded, HM Life asserts that Plaintiff

16 must first satisfy the factors established in <u>Hummell v. Rykoff</u>, 634 F.2d 446, 453

17 (9th Cir. 1980).

18

19 **12.    Settlement ADR.**

20        The parties are currently negotiating and attempting a resolution to this

21 matter.  If they are not successful, they intend to file a Stipulation and Order

22 Selecting Private Mediation.  There is no need for an ADR Phone Conference.  The

23 parties propose a mediation cut-off of **November 12, 2007**.

24

25 **13.    Consent to Magistrate Judge for All Purposes.**

26        The parties do not consent for this case to be assigned to a United States

27 Magistrate Judge for further proceedings.

28

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

87627.1                                   6                    JOINT CASE MANAGEMENT
                                                               CONFERENCE STATEMENT

**14.    Other References.**

The parties do not believe that this matter is suitable for other references at this time.

**15.    Narrowing of Issues.**

The parties do not believe the issues can be narrowed any further at this stage of the litigation.

**16.    Expedited Schedule.**

As this matter is governed by ERISA, it can be streamlined in the following manner:

a.    This is an ERISA matter, which will involve no live testimony;

b.    Presently, the parties anticipate that the only evidence which shall be presented at the trial will be the administrative record, but Plaintiff reserves the right to present other evidence;

c.    The parties' respective positions may be briefed through dispositive motions/trial briefs.

For the same reasons, the parties submit that this case is appropriate for a waiver of the Court's pre-trial requirements.

**17.    Scheduling.**

a.    Amendment of Pleadings:         October 15, 2007

b.    ADR Completion:                November 12, 2007

c.    Discovery Cut-Off (incl. related motions):    December 14, 2007

d.    Motion hearing Cut-Off:        February 25, 2008

e.    Opening Trial Briefs:          March 17, 2008

f.    Responsive Trial Briefs:       March 31, 2008

g.    Final Pre-Trial Conference:    Waived.

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

87627.1                                7                    JOINT CASE MANAGEMENT
                                                           CONFERENCE STATEMENT

1        h.    Court Trial:                    <u>April 15, 2008</u>.

2

3  **18.    <u>Trial</u>.**

4        Trial will be by **<u>Court</u>** and is estimated at **<u>two hours to one half day</u>**.

5

6  **19.    <u>Disclosure of Non-party Interested Entities or Persons</u>.**

7        Each party has filed the required disclosure statement.

8        For further clarification to its Certification of Interested Entities or Persons,

9  HM Life asserts that pursuant to Civil L.R. 3-16, the undersigned certifies that the

10 following listed persons, associations of persons, firms, partnerships, corporations

11 (including parent corporations) or other entities (i) have a financial interest in the

12 subject matter in controversy or in a party to the proceeding, or (ii) have a non-

13 financial interest in that subject matter or in a party that could be substantially

14 affected by the outcome of this proceeding: HM Life Insurance Company,

15 successor-in-interest to GroupAmerica Insurance Company, is a wholly owned

16 subsidiary of HM Insurance Group, Inc., which is a wholly owned subsidiary of the

17 parent company, Highmark, Inc..

18 ////

19 ////

20 ////

21 ////

22 ////

23 ////

24 ////

25 ////

26 ////

27 ////

28 ////

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

87627.1                                    8                    JOINT CASE MANAGEMENT
                                                                CONFERENCE STATEMENT

**20.** **Other Matters.**

None at this time.

Dated:  September 7, 2007

MESERVE, MUMPER & HUGHES LLP
Simon Manoucherian
Frederic Esrailian

By: _____
Simon Manoucherian
Attorneys for Defendant
HM LIFE INSURANCE COMPANY,
successor-in-interest to
GROUPAMERICA INSURANCE
COMPANY

Dated:  September 7, 2007

LAW OFFICES OF JOHN FRYE
John Frye

By: _____
John Frye
Attorneys for Plaintiff
IREME DEMEE

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

87627.1

9

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT

1    **20.    Other Matters.**

2    None at this time.

3

4    Dated: September 7, 2007    MESERVE, MUMPER & HUGHES LLP

5    Simon Manoucherian
     Frederic Esrailian

6

7    By: _____

8    Simon Manoucherian
     Attorneys for Defendant

9    HM LIFE INSURANCE COMPANY,
     successor-in-interest to

10   GROUPAMERICA INSURANCE
     COMPANY

11   Dated: September 7, 2007    LAW OFFICES OF JOHN FRYE

12   John Frye

13   By: _____

14   John Frye
     Attorneys for Plaintiff

15   IREME DEMEE

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

87627.1

9

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT